# McGibbeny *versus* Burmaster.

1. It would be inequitable to rescind a parol contract of sale, in which the terms, the subject, its boundaries and quantity were precise,—and possession was taken in pursuance of it and valuable improvements made with the assent of the vendor.

2. In an action of ejectment by the vendor to recover the property, the court was right in instructing the jury, if they believed the facts to be in this way, to return a verdict for the plaintiff, to be released on payment of the unpaid purchase-money in a reasonable time.

ERROR to the Court of Common Pleas of *Allegheny county.*

Ejectment by Joseph McGibbeny against Preston Burmaster for forty perches of land. The writ was issued to December Term 1865.

The legal title was in the plaintiff; the defendant claimed under a parol sale to him from the plaintiff, and in order to sustain his defence, proved by a surveyor that at the request of the defendant he had surveyed the lot; that the plaintiff came there shortly after he had commenced, pointed out his lines and showed where

to run the boundary between him and the defendant. Both plaintiff and defendant instructed witness to prepare the deed: the plaintiff afterwards gave witness his deed to get the chain of title, and said the defendant was to pay him $50 for the lot, and that he would sign the deed as soon as the balance of the money was paid. The defendant at the time had a house partially erected on the lot; shortly after the line was run, he put up a fence on it, and has been in possession ever since. There was evidence also that the defendant put other improvements on the lot, amounting in value to $400 or $500; that the plaintiff declared that he had sold the lot to defendant, and had done well in the sale; that he had built the chimney for defendant's house. The deed prepared by the surveyor was produced at the trial, not executed, but showing the lines as run by the surveyor.

Stowe, A. J., in his charge said:—

" That there was a contract for the sale of the property by plaintiff to defendant, it is impossible, in view of this evidence, to doubt, if it is believed, and we have nothing controverting it. * * *

" The evidence is conclusive that the defendant was in exclusive possession from the time he first went in till suit was brought, under claim of right to the property, and continues so till this time; that he improved the lot by planting shrubbery and fruit-trees, erecting stable, building fences and outbuildings and making it generally comfortable as a place of residence.

" This being our opinion of the facts in evidence, we think sufficient has been shown to take the case out of the Statute of Frauds, and must submit the evidence to you for your consideration, and that you may return a verdict in accordance with the facts as you may find them to be, under our instructions upon the law.

" The general rule upon this question is, that to take a case out of the Statute of Frauds, the parol contract must be proved by clear and satisfactory evidence. It need not be by a person who was actually present at the making of the contract, but may be sufficiently established by the acts and declarations of the parties together and the circumstances connected with the transaction, or by acts and declarations of the grantor alone. The contract must be definite: that is, the property sufficiently described to identify it, without doubt, and the consideration shown.

" Possession must have been taken under the contract and in pursuance of it, and improvements made, and the contract so far in part executed as to make it unjust to rescind the same.

" If your opinion, under the evidence, differs from ours, you can return a general verdict for the plaintiff; but if you should think as we do, that a sufficient case has been made out to take it from under the Statute of Frauds, then you should find a special

[McGibbeny v. Burmaster.]

verdict for plaintiff for whatever sum may be unpaid on the contract (that is, whatever of $50 you find from the evidence has not been paid, with interest from the date of sale to the present time), to be released upon payment in a reasonable time (say thirty or sixty days), and that plaintiff shall not have execution until he tender or file a conveyance for the land in controversy, and described in his writ in this case."

The jury found "for the plaintiff for $64.16, to be released on payment thereof by defendant within thirty days. The plaintiff to tender to defendant or file in court a deed in fee for the premises described in his writ in this suit previous thereto, and that execution be stayed hereon until the same is done."

The plaintiff took a writ of error, and assigned the charge of the court for error.

*R. & S. Woods*, for plaintiff in error, cited Haslet v. Haslet, 6 Watts 464 ; Brawdy v. Brawdy, 7 Barr 160 ; Bender v. Bender, 1 Wright 420 ; Woods v. Farmare, 10 Watts 204 ; Eshbach v. Zimmerman, 2 Barr 315 ; Selden v. Williams, 9 Watts 9 ; Ludwig v. Leonard, 9 W. & S. 49 ; Frye v. Shepler, 7 Barr 91 ; Pugh v. Good, 3 W. & S. 60 ; Charnley v. Hansbury, 1 Harris 21 ; Christy v. Barnhart, 2 Id. 260 ; Aitkin v. Young, 2 Jones 15 ; Harden v. Hays, 9 Barr 151.

*W. C. Moreland*, for defendant in error, cited Greenlee v. Greenlee, 10 Harris 225 ; Richards v. Elwell, 12 Wright 361 ; Haslet v. Haslet, 6 Watts 464 ; Moore v. Small, 7 Harris 466 ; Reed v. Reed, 2 Jones 117 ; Lauer v. Lee, 6 Wright 171.

The opinion of the court was delivered, January 7th 1867, by

AGNEW, J.—The evidence in this case to take it out of the Statute of Frauds and Perjuries was clearly sufficient to satisfy the conscience of a chancellor, and therefore to be submitted to the jury. About the time of the taking of possession by the defendant, the plaintiff declared that he had sold the property to the defendant, giving reasons why it was advantageous to him to sell it. The defendant then erected buildings and improved the property, at an expense far beyond the value of the land itself. The quarter acre bought by defendant was cut off from the plaintiff's land by a line surveyed across it at one end. The plaintiff himself was present and assisted defendant in a part of his work at the building. This was in the fall of 1861. In 1862, a surveyor was brought to run the lines for the purpose of making the deed. The plaintiff came there, pointed out his lines ; the survey was made, and both he and the defendant together instructed the surveyor to write the deed accordingly.

Having neglected to ask the sum to be written in the deed as

the consideration, the surveyor on the next morning saw the plaintiff and made the inquiry of him, and was informed by the plaintiff that he had sold the lot surveyed to the defendant for the sum of $50, and that he was ready to sign the deed as soon as the balance of the money was paid to him; at the same time handing to the surveyor his own deed to enable him to write the other. The deed was written accordingly, and produced by the witness in court, and, though not executed, plainly evidenced the terms of the contract. Now, upon this evidence it was impossible to doubt as to the fact of a contract of sale, its precise terms, the precise subject of sale, its boundaries and quantity, and that possession was delivered in pursuance of the sale and large and valuable improvements made upon the lot with the knowledge and assent of the plaintiff, rendering it inequitable to rescind the contract.

The court below was therefore right in submitting the case to the jury, with instructions if they believed the facts to be in this way, to return a verdict for the plaintiff, to be released on payment of the unpaid purchase-money in a reasonable time.

Judgment affirmed.