## Holt *v.* McWilliams, Appellant.

*Vendor and vendee—Specific performance—Orphans' court—Acts of February* 24, 1834, *P. L.* 70, *and April* 28, 1899, *P. L.* 157.

On a petition for the specific performance of a parol contract by decedent to sell land to the petitioner, the testimony in the orphans' court showed that the petitioner bought the land from the decedent and paid for it, and that a deed for a portion of it was made, at his request, to his daughter for a nominal consideration. It further showed that the decedent, while standing upon the land (which was enclosed by a fence and included an area of about three quarters of an acre), in the presence of the petitioner, stated to a witness in the cause, that he had sold the lot in question to the petitioner. Several other witnesses were called proving declarations by the decedent that he had sold the lot to the petitioner, and

showing further that the petitioner had for a period of years been in possession and had cultivated the land, and had made improvements thereon. It was further proven that the decedent directed the land to be assessed for taxation in the name of the petitioner, who paid the taxes, and that the petitioner and an adjoining neighbor together constructed a line fence along the property. *Held*, that the evidence was sufficient to support a decree of specific performance.

The fact that a purchaser of land has brought suit to recover a portion of the purchase money paid by him before a deed to him had been refused, will not prevent him from filing a bill in equity against the vendor for specific performance, and this is especially the case where he has discontinued his suit at law and paid the costs.

Argued May 21, 1902. Appeal, No. 143, April T., 1902, by defendant, from decree of O. C. Warren Co., Dec. T., 1900, No. 22, on petition for specific performance in case of David Holt v. Kate McWilliams, Administratrix of A. E. McWilliams, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition to enforce the specific performance of a parol contract for the sale of real estate. Before LINDSAY, P. J.

The court below stated the facts to be as follows:

1. That the land described in the petition was sold to the petitioner, David Holt, by the said A. E. McWilliams by parol agreement some time between 1890 and 1892 for the sum of $300. Said A. E. McWilliams and wife conveyed a portion of said land to Frances M. McKinney, daughter of the said David Holt, at his request, by deed dated December 29, 1897.

2. That soon after said parol agreement was made the plaintiff took possession of the land and made valuable improvements by clearing off the brush, taking out the stones, filling up the low places and leveling off the land. That he remained in possession, ploughing and cultivating the said land until some time in 1899, when Mrs. Kate McWilliams, the respondent, took possession of the portion of said land not conveyed in the lifetime of the said A. E. McWilliams, and refused and still refuses to give up the possession or to convey the same to the petitioner.

3. That the said David Holt paid the purchase price of said land in full to the said A. E. McWilliams in his lifetime.

4. That the said A. E. McWilliams died intestate on or

about April 24, 1898, without having made any provision for the performance of said parol contract, and that letters of administration were duly granted to Kate McWilliams, May 4, 1898.

The court entered a decree for specific performance.

*Error assigned* was the decree of the court.

*D. U. Arird,* of *Arird & Bordwell* and *D. I. Ball,* for appellant, cited as to repugnant remedies : Weaver's Road, 45 Pa. 405 ; Share v. Anderson, 7 S. & R. 62 ; Martin v. Ives, 17 S. & R. 363; Pott's App., 5 Pa. 500 ; Piersol v. Neill, 63 Pa. 423 ; Irving v. Bull, 7 Watts, 323.

Cited as to the sufficiency of the evidence : Rankin v. Simpson, 19 Pa. 471 ; Moyer's App., 105 Pa. 432.

*W. W. Wilbur,* with him *Perry D. Clark,* for appellee.

OPINION BY WILLIAM W. PORTER, J., July 10, 1902 :

This is an appeal from the decree of the orphans' court directing a conveyance, to the petitioner, of a piece of land. The decree is based upon a parol contract of sale made by the decedent. The first error alleged is that the findings of fact by the court below were upon evidence insufficient to prove the alleged parol sale of the real estate and inadequate to take the sale out of the operation of the statute of frauds. The evidence adduced has been examined by this court. The testimony for the petitioner shows that he bought the land from the decedent and paid for it, and that a deed for a portion of it was made, at his request, to his daughter for a nominal consideration. It further shows that the decedent, while standing upon the land (which was enclosed by a fence and included an area of about three quarters of an acre), in the presence of the petitioner, stated to one Hill, a witness in the cause, that he had sold the lot in question to the petitioner. Several other witnesses were called proving declarations by the decedent that he had sold the lot to the petitioner, and showing further that the petitioner had for a period of years been in possession and had cultivated the land, and had made improvements thereon. It was further proven that the decedent directed

the land to be assessed for taxation in the name of the petitioner, who paid the taxes; that the petitioner and an adjoining neighbor together constructed a line fence along the property. The proof was thus in character and strength sufficient to sustain the findings of fact by the court and the decree based thereon: See McGibbeny v. Burmaster, 53 Pa. 332; Haslet v. Haslet, 6 Watts, 464; Jamison v. Dimock, 95 Pa. 52; Simmons's Estate, 140 Pa. 567. The evidence of the parol agreement warranted a decree enforcing specific performance of it under the language of the Act of February 24, 1834, P. L. 70, which is that the performance shall be required " in all cases where such parol contract shall have been so far executed that it would be against equity to rescind the same." Furthermore, the Act of April 28, 1899, P. L. 157, by its terms (if applicable to the pending cause) covers the facts exhibited by the proofs. The latter act affects parol contracts which may have been " so far executed by possession, by improvements, or by partial payments of purchase money, that it would be against equity to rescind the same."

The appellant urges another reason for reversal. It appears that the plaintiff brought an action at law which the appellant asserts was to recover the purchase money, which is alleged to have been paid to the decedent. This is asserted to have been an election by the present petitioner to rescind the contract of sale. It is now said that having so elected, he cannot assert his right to specific performance, because the two proceedings are inconsistent. This phase of the case presents no difficulty. The action at law was discontinued and the costs paid. It was in fact a suit based upon the very contract which is now the basis of the decree for specific performance. The suit was founded on an obligation of the defendant to perform his agreement to convey. The two proceedings are not inconsistent. It is true, pending both, the plaintiff might have been driven to elect between them. He, however, discontinued the first, and relies now solely on his right to specific performance. The case of Findlay v. Keim, 62 Pa. 112, is a precedent which strikes from beneath the appellant support for the proposition he seeks to sustain, and clearly eliminates from application the case of Potts's Appeal, 5 Pa. 500, upon which he relies.

The judgment is affirmed.