# Prenatt *v* Messenger Printing Company (No. 1).

*Judgments — Res adjudicata — Final judgment on demurrer — Practice, C. P.*

1. Where the Court of Common Pleas has overruled a demurrer, giving opportunity to proceed to trial upon issues of fact, which is declined because the demurrants prefer to have a decree entered against them, and upon appeal to the Supreme Court the decree is affirmed, such decree is final and the controversy cannot afterwards be reopened.

2. Upon the appointment of a receiver for a corporation, a printing press which was in its possession was claimed by a trust company. Certain creditors filed a petition on behalf of themselves and all other creditors, praying the court to decree a sale

of the press, on the ground that it was the property of the corporation. To this petition the trust company filed an answer claiming the property, and a demurrer to the answer, filed by the creditors, was overruled. Opportunity was given for trial on the facts, but the creditors preferred to have final judgment entered against them and took an appeal to the Supreme Court, upon which the decree was affirmed. Subsequently a creditor filed a petition to reopen the decree, alleging that the former adjudication was not based upon the merits, that new evidence had been discovered, and that it was not concluded as it was not a creditor at the time of the adjudication. The court found on sufficient evidence that petitioner was a creditor upon the original adjudication, and dismissed the petition. *Held,* no error.

Argued April 27, 1915. Appeal, No. 193, Jan. T., 1914, by H. G. Leistikow and John O. McClintock, Executors of George D. Trawin, deceased, and other creditors of Messenger Printing Co., from decree of C. P. Crawford Co., Nov. T., 1910, No. 2, in Equity, in case of Fred G. Prenatt v. The Messenger Printing Company. Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition by creditors to have certain fund added to the funds in the hands of the receiver for distribution. Before PRATHER, P. J.

The opinion of the Supreme Court states the case.

The court entered a decree dismissing the petition. H. G. Leistikow and John O. McClintock, executors, appealed.

*Error assigned,* inter alia, was in dismissing the petition.

*Magnus Pflaum,* for appellants.

*Frank J. Thomas,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:

This appeal concerns the title to the same printing

press involved in Prenatt v. Messenger Printing Co., 241 Pa. 267. On October 6, 1910, the defendant company went into the hands of a receiver, at which time it had in its possession, under lease from the Crawford County Trust Company, a Duplex printing press. Certain creditors petitioned the court below to direct a sale of this press, averring that the transactions between the defendant company and the trust company in relation thereto merely involved a loan of money by the latter to the former, and that, in fact, the press belonged to and always had been the property of the lessee and not the lessor company. The trust company filed an answer in which it denied the material averments of the petition, claiming absolute ownership of the property in controversy, and the petitioners demurred. A purchaser for the press was found in one A. G. Phillips; a written contract was entered into between the receiver, the Crawford County Trust Company and Mr. Phillips, wherein it was agreed that both of the former would convey to the latter whatever title they had or represented, and that eventually the purchase-money should be paid to that one of the two claimants to whom it might be judicially determined the property belonged; this arrangement was duly sanctioned by the court and the press delivered to the purchaser. Thereafter, on October 5, 1912, the court below made the simple entry, "Demurrer overruled," thus leaving the issues open for trial; but, on October 19, 1912, upon motion of the attorney for the contesting creditors, it entered the following final order: "The decree of this court of October 5, 1912, is hereby amended by adding thereto, 'And it is ordered and decreed that the title and property to the Duplex printing press is in the Crawford County Trust Company, and that A. G. Phillips, the purchaser of said printing press from the receiver, by agreement of all parties in interest, which was sanctioned and approved by this court on July 8, 1912, pay the purchase-money therefor, subject to the terms of said agreement, to the

said Crawford County Trust Company'......." An appeal was taken to this court (241 Pa. 267), and we affirmed the decree entered below; but notwithstanding that fact, on July 17, 1913, the same counsel who had appeared on the former appeal presented a petition on behalf of the present appellants, averring that George D. Trawin, their decedent, was not a creditor of the defendant company at the time of the decree previously appealed from, and that the printing press did not in fact belong to the trust company. The prayer of this petition was, "that the purchase-money in the hands of A. G. Phillips should be added to the fund for distribution." A rule to show cause was granted, and depositions in support thereof were taken, but subsequently the rule was discharged.

An opinion filed below sustaining the discharge of the rule summarizes the appellants' contentions thus: "Counsel for petitioners urges (a) that the former adjudication of title was not based upon the real merits of the question involved; (b) that he has discovered new evidence; (c) that Trawin was not a creditor of defendant company at the time of said adjudication, hence, he was not bound thereby." The court refused either to adopt the first contention or consider the depositions taken in support of the second, stating, "The demurrants made their stand upon a technical defense, and it was decided against them. They still had an opportunity to make further answer and proceed to trial. Under such a situation, a judgment of the court should have the same finality as a judgment upon disputed facts put in issue." After reviewing the testimony relevant to the third contention, the court decided that certain evidence produced by the trust company, and objected to by the appellants, was competent, and that thereunder Trawin was, in fact, a creditor of the defendant company at the time of the former adjudication.

It would serve no general useful purpose to review the testimony in detail, or particularly to discuss the points

of evidence passed upon by the court below. It is sufficient to say that, after reading the testimony and considering the points involved, we are not convinced of error in the conclusion that Trawin was a creditor of the Messenger Printing Company at the time of the former decree. The proceeding in which that decree was entered was instituted by certain creditors of the printing company and its receiver, representing creditors generally (Duplex Printing Press Co. v. Clipper Pub. Co., 213 Pa. 207, 211, 212; Cushing v. Perot, 175 Pa. 66, 76, 77; State Bank of Pittsburgh v. Kirk, 216 Pa. 452, 455); while the judgment was upon demurrer, and one of the chief points relied on was to a degree technical, yet, as stated by the court below, when the demurrer was overruled and an opportunity given to proceed to trial on the actual issues of fact, the demurrants preferred to have a decree entered against them finally disposing of the question of title to the printing press. This decree was affirmed on appeal; hence, the present appellants could not reopen that controversy, and the court below was not obliged to consider the testimony produced in an effort so to do. We have read the testimony in question, however, or as much thereof as was presented to us, and are not at all impressed that it proves the press in controversy to have belonged to the printing company and not to the trust company, as contended by the appellants.

We find no reversible error; the assignments are overruled and the decree is affirmed, at the cost of appellants.