## Prenatt *v.* Messenger Printing Company (No. 2).

*Receivers—Preferences—Carrying on business—Use of leased machinery—Bailments.*

Where a corporation had in its possession a leased machine at the time of the appointment of a receiver, and the receiver used the same in carrying on a business entrusted to his care by the court, and recognized the obligations of the lease by paying certain

sums on account of rents accruing thereunder and certain insurance premiums which the lease stipulated, the owner of the leased machine was entitled to a preference for the rental accruing during the time the machine was used by the receiver.

Argued April 27, 1915. Appeal, No. 315, Jan. T., 1914, by The American Type Founders Company and The New First National Bank of Meadville, Pa., Creditors of Messenger Printing Company, from decree of C. P. Crawford Co., Nov. T., 1910, No. 2, in Equity, sustaining exceptions to report of auditor in case of Fred G. Prenatt v. The Messenger Printing Company. Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for the appointment of a receiver.

Exceptions to the report of J. P. Colter, Esq., auditor. Before PRATHER, P. J.

The facts appear by the opinion of the Supreme Court and in Prenatt v. Messenger Printing Co. (No. 1), 250 Pa. 402.

The court sustained certain exceptions to the report of the auditor and decreed that the claim of the Mergenthaler Linotype Company and the Crawford County Trust Company should be paid in full for certain rentals accruing during the receivership. The American Type Founders Company and The New First National Bank of Meadville, Pa., creditors of defendant company, appealed.

*Errors assigned* were in sustaining the exceptions to the report of the auditor.

*Magnus Pflaum,* for appellants.

*Frank J. Thomas* and *Ralph H. Frank,* with them *Morris, Walker & Allen,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:

The court below sustained certain exceptions to the report of the auditor to whom the accounts of the receiver for the defendant corporation were referred, and decreed that two claimants, who, respectively, were lessors to the defendant company of a certain typesetting machine and a printing press, should be paid in full for rentals accruing during the receivership and share pro rata with other creditors on their claim for rentals prior thereto; this is assigned for error.

When it was proved by experience that the defendant company could not be made a financial success as a going concern in the hands of the receiver, a sale of its property was ordered, and its assets were purchased by a Mr. Phillips; but this sale did not purport to convey title to the leased machines.

The first claim was by the Mergenthaler Linotype Company, who had leased the type setting machine to the defendant. The validity of the bailment of this machine "is conceded"; but it is contended that, although the receiver, in the conduct of the business entrusted to his care by the court below, used the machine continually for a period of twenty months, printing the newspaper published by the defendant company, yet, the lessor is not entitled to a preference for the accruing rental during that time. In connection with this claim the court below correctly states that the typesetting machine was held under a lease for the term of six years, at an annual rental of $632.50, payable in advance; that the lease provides the lessee shall have the right to purchase the machine at a given price, "but such right of purchase may be exercised by said lessee only in case said lessee shall, within eleven months from the date of the delivery of the machine aforesaid, have given said lessor notice in writing of the intention of said lessee to make such purchase, and (in the event of such purchase) a payment within thirteen months from the date of the delivery of the machine as aforesaid, then and not other-

wise the legal title to said property shall pass to said lessee and this lease shall cease and determine"; and that "it is undisputed that the purchase option was never exercised"; adding that "this lease, therefore, became ipso facto a simple bailment by the very terms of the agreement."

The machine being thus in the possession of the defendant company, the purchaser at the sheriff's sale of its assets immediately proceeded to acquire title thereto directly from the lessor company, paying therefor a sum equal to the purchase-price named in the lease; but so far as the evidence before us shows, this was done entirely independently of the defendant company, and without consideration of any rights which Mr. Phillips may have previously acquired as a purchaser at the receiver's sale. Moreover, a diligent search through the proofs presented for our consideration has failed to disclose any evidence which would justify a finding that the lessor waived the strict terms of the lease, or admitted a right in the lessee to gain title thereunder after its failure to give the required notice of an intention to purchase. Hence, so far as the claim at present under consideration is concerned, we have before us a case where a receiver of an insolvent corporation had in his possession a leased machine which he used in carrying on the business entrusted to his care by the court, and where, in addition, he recognized the obligations of the lease by paying $50 on account of the rents accruing thereunder and certain insurance premiums required to be met.

As to the second claim, concerning the printing press leased by the Crawford County Trust Company to the defendant, the validity of the bailment was attacked; but, since the issues in that controversy have already been fully covered by another opinion in this case, filed herewith (see 250 Pa. 402), we shall not go over the ground again. It is sufficient to say that the defendant company held the printing press in question under a lease by the provisions of which, upon the expiration of

the term, or the default or insolvency of the lessee, the lessor had the right to retake the leased property, and not only retain all rents paid, but also to collect all monthly installments due and unpaid; and the lessor, so far as the evidence shows, had waived none of its rights. While under the lease the defendant had an option to purchase, yet, it made no attempt to exercise that privilege, and the press was acquired by Mr. Phillips at private sale directly from the trust company. Hence, to all intents and purposes the claim of the trust company stands on the same footing as that of the Mergenthaler Company, and we are not convinced that the court below erred in any essential particular when it allowed the claims of these two companies "as general creditors for the rent accruing prior to the appointment of the receiver and as preferred claimants for the amounts accruing subsequent thereto."

In conclusion, we shall again quote from the opinion of the court below, wherein it is said: "There can be no doubt that the retention and use of these machines by the receiver for a period of one year and eight months enabled him to continue the publication of a daily newspaper, thereby conserving the principal value of the plant by keeping it a living institution. This is one insolvent institution whose market price peculiarly depended upon its being a going business. While it is true that the preferred rent claim of these two machines, about $3,100.00, being the amount due them as the cost of continuing the business, leaves only about $550.00 for general creditors; it is equally true that there would not have been a penny for general creditors except for the marketability of this insolvent plant, which marketability was preserved or created by the use of these two indispensable machines."

At argument, the appellees moved to suppress the appellants' paper book, because of the omission to print certain parts of the record; but this motion was withdrawn. They also asked that the appeal be quashed, on

the ground that it was not taken within six calendar months; but since we find no merit in the appellants' contentions, it is not necessary to pass upon this latter motion, and, for that reason, it is dismissed.

The assignments of error are overruled and the decree is affirmed, at the cost of the appellants.