## Pennsylvania Company for Insurances on Lives and Granting Annuities *v*. Harr, Appellant.

Argued January 6, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*Joseph K. Willing,* with him *Charles J. Margiotti,* Attorney General, and *Gerald F. Flood,* Deputy Attorney General, for appellant.

*Maurice Bower Saul,* of *Saul, Ewing, Remick & Saul,* with him *Thomas P. Mikell,* for appellee.

OPINION BY MR. JUSTICE DREW, January 31, 1936:

These proceedings arise out of a petition filed by The Pennsylvania Company for Insurances on Lives and Granting Annuities, praying for an order on the secretary of banking, in possession of the business and property of the Aldine Trust Company, to pay for use and occupation of the banking premises during 1931. Petitioner's claim for a year's rent was held valid by the court below, and the secretary of banking has appealed.

The premises in question, the banking quarters in the Aldine Trust Building, were leased to the trust company in 1928 by Richard J. Seltzer, Incorporated, as agent of the owner, the Aldine Building Corporation. The term was for 20 years, at an annual rental of $50,000 for the first five years, with periodical increases thereafter. The lease provided that, upon the appointment of a receiver, the whole rent for the balance of the term should at the option of the lessor become due and payable forthwith. A mortgage for $1,200,000 was placed upon the building on February 1, 1929, wherein petitioner, as trustee for bondholders, was made the mortgagee, with the right to enter and collect rentals upon default in the mortgage. Possession of the business and property of the trust company was taken by the secretary of banking on December 29, 1930. The secretary remained in possession of the premises until December 19, 1931, while engaged in liquidating the trust company's affairs.

In February, 1931, the owner of the premises notified the secretary of banking that under the terms of the lease the rent for the remainder of the term had become due. Receipt of the letter of notification was promptly acknowledged in behalf of the secretary. This notice was withdrawn, however, by the owner on November 23, 1931. Meanwhile, petitioner, on or about December 31, 1930, took possession of the building for the purpose of management and of collecting rents, under the terms of the mortgage. Notice thereof was served upon the su-

perintendent of the building and upon the Aldine Building Corporation, owner of the premises. Richard J. Seltzer, president of the latter company, was appointed agent of the petitioner for collecting rentals and managing the building. No notice of petitioner's action under the mortgage was given to the tenants of the building or to the secretary of banking until December of the following year, when petitioner demanded payment of the secretary for use and occupation at the rate of rental stipulated in the lease. Apart from the notice of acceleration of rent, which was subsequently withdrawn, no claim for use and occupation or for rent has been made by the owner, nor has any rent been paid by the secretary for the period of his occupation.

The first and partial account of the secretary set forth the full amount of the rent for the term as a general claim of the owner against the assets of the trust company. In addition to its petition, The Pennsylvania Company excepted to the account, on the ground that its claim of $50,000 for a year's use and occupation should have been allowed as an administration expense. Petitioner thus seeks priority over general claims against the trust company's assets. Its claim is founded upon section 49 of the Banking Act of June 15, 1923, P. L. 809,[1] which provided in part: "All expenses of the taking and maintaining possession of the business and property or the continuing of the business by the secretary, and all expenses of liquidation under the provisions of this act, shall first be payable out of the funds of [the corporation in the secretary's possession]." It is conceded by appellant that petitioner "at the time of its demand for payment would be entitled to avail itself of the rights which the Aldine Building Corporation could have had at such time." We therefore consider whether or not the present claim could have been validly

---

[1] This act was repealed by the Act of May 15, 1933, P. L. 565. The relevant section of the latter act is section 1006.

made by that company, as owner and lessor, at the time of petitioner's demand for payment.

In Sloan & Zook Co. v. Lyons Rfg. Co., 290 Pa. 442, we were confronted with facts in many respects like those now before us. There the receiver occupied, under a decree of court, an oil refinery which had been leased to the insolvent company. It was contended that the lessor was entitled to compensation for the receiver's occupancy at the rate of rental reserved in the lease, and that this was an expense of receivership necessary to the preservation of the property of the insolvent. In sustaining this contention, we held that the lessor's claim for the period of the receiver's occupancy was entitled to priority over wage claims which accrued prior to the receiver's appointment. It is very clear, under that case and the authorities there reviewed, that where a receiver elects to remain in possession of premises previously leased to the insolvent, he is bound to pay for his use and occupation at the rate of rental provided in the lease, and that such expense is an administration expense and must accordingly be paid in preference to general claims against the insolvent estate. A similar result was reached in Prenatt v. Messenger Printing Co. (No. 2), 250 Pa. 406, with regard to leased machinery used by the receiver during his management of the business. In Re Anthracite Trust Co., 319 Pa. 113, the lower court allowed in full, as a set-off against notes due the insolvent bank, a claim for six months' occupation of the premises by the receiver, at the rental rate. In reference thereto, we said, at page 115: "The court was right in allowing the claim of $13,500 for use and occupation from October 1, 1931, to March 31, 1932."

It is urged by appellant that the Aldine Building Corporation would be estopped, by its notice of acceleration of the whole rent for the term, to make the claim here made. The argument is that by that notice the owner of the premises elected to surrender the lease and to make no claim other than a general one against the in-

solvent estate for the full balance of the rent. Appellant contends that he has relied on this election by remaining in the building, whereas he would have removed to smaller and less expensive quarters had he known the present claim would be made. The owner is therefore estopped, it is said, to withdraw the notice of acceleration. We think this position is not sound. The elements of estoppel are not present. Nothing in the record shows reliance to his prejudice by the secretary of banking on the owner's notice of acceleration. No evidence of any sort has been produced to indicate that the secretary had any thought of moving elsewhere, or refrained from any such course because of the notice. Furthermore, it is difficult to see how the notice could be construed as a representation that the owner would not present a claim of the sort now made. The letter in which the notice was given merely quoted the relevant portion of the lease, and notified the secretary that under it the whole rent had become due and payable. It expressly stipulated that in giving the notice the owner acted "without prejudice to the rights of lessor, and reserving to lessor all priorities and rights under existing laws." The reply in behalf of the secretary did no more than acknowledge receipt of the notice and state the fact of the secretary's possession. Plainly the owner would not be barred from making this claim.

The cases cited by appellant concerning election of remedies are not relevant. It is true that ordinarily a litigant may not in the prosecution of his litigation seek inconsistent remedies at the same time on the same cause of action. See Piersol v. Neill, 63 Pa. 420; New Holland Turnpike Co. v. Lancaster Co., 71 Pa. 442; National Oil Rfg. Co. v. Bush, 88 Pa. 335; Brandmeier v. Pond Creek Coal Co., 229 Pa. 280; Pgh. Union Stock Yards Co. v. Pgh. Joint Stock Co., 309 Pa. 314. Thus, a vendor of land may not maintain ejectment for the premises upon default in payment and at the same time claim the purchase price (Pott's App., 5 Pa. 500), nor may a

lessor of personal property retake possession of the property as well as enter judgment for the unpaid balance due under the lease (Seanor & Bierer v. McLaughlin, 165 Pa. 150; Ketcham v. Davis, 31 Pa. Superior Ct. 583), although where a lease expressly permits reëntry and judgment for unpaid rent as cumulative remedies, both may be pursued: Stevenson v. Dersam, 275 Pa. 412. But there can be no objection to the abandonment of one remedy and adoption of another before action is brought,[2] where no change of position because of or prejudicial reliance upon the earlier course appears: cf. Simonin's Sons v. Am. Credit Ind. Co., 318 Pa. 160, 165. No prejudicial reliance or change of position is shown here.

Since the owner of the premises could recover on the present claim, and since appellant concedes (nor could he do otherwise) that petitioner may avail itself of the rights which the owner had at the time of the demand for payment, it follows that the court below was right in allowing the claim. Its decree included provision for deducting from the rental figure of $50,000, with proper allowance for interest, the unpaid balance of a note executed by the Aldine Building Corporation and held by the Aldine Trust Company. No question is here raised concerning the deduction. We have carefully considered the numerous arguments made by appellant, and are satisfied that they are without merit.

Decree affirmed at appellant's cost.

---

[2] In Egan v. U. G. I. Co., 319 Pa. 17, plaintiff had sued in assumpsit to recover proceeds of a sale of stock. While that suit was still pending, plaintiff brought a bill in equity seeking cancellation of the transfer. The contention was made that plaintiff's suit in assumpsit represented an election to affirm the sale, and that he was thereby barred from maintaining the bill in equity, which was based on the theory that the transfer was void. In rejection of this contention, it was held that the mere starting of the assumpsit suit, subsequently allowed to lie dormant, was not a bar to the action in equity.