## Dunhour v. Factor

*Holl, Taylor & Holl,* for plaintiff.
*Snyder & Snyder,* for defendant.

ERVIN, P. J., January 5, 1951.—Defendants filed a petition for leave to file an amended answer and new matter to plaintiff's complaint, as well as a counterclaim, upon which a rule to show cause was granted and an answer filed by plaintiff. Defendants' rule must be made absolute.

Plaintiff's complaint was for the return of the down payment of $1,000 under an agreement of sale for a

property in the City of Chester, Delaware County, Pa. Defendants' answer and new matter defended on the ground that the down payment was retained as liquidated damages. No counterclaim was filed. When the case came on for pretrial conference it was discovered that only $200 of the $1,000 could be considered as liquidated damages under the peculiar language of the agreement of sale. Defendants then asked leave of court, which was subsequently reduced to writing in a petition now under consideration, to amend their answer and to file a counterclaim for the balance of the purchase price of the property. Plaintiff objects to the allowance of the proposed amendment on the theory of election of remedies, contending that the original answer claiming to hold the down money as liquidated damages was an assertion that the contract was rescinded whereas a claim for the balance of the purchase price would be a claim based on the theory that the contract was still in existence, which remedies are inconsistent.

There is no doubt that any decisive action of the party with knowledge of his rights and of the facts determines his election in case of conflicting or inconsistent remedies, but there is a wide divergence of authority as to the time when such decisive action occurs. There is a particular divergence of authority on the question as to whether the mere commencement of an action or any prosecution of it short of a final judgment is such a conclusive action. An exhaustive annotation on this subject appears in 6 A. L. R. (2d) 10, which lists the jurisdictions which hold that the commencement of the action is of itself conclusive, those which hold that the commencement of the action is not of itself conclusive and those jurisdictions where the rule is uncertain. Pennsylvania is listed in the second category, the annotation citing the cases of Egan, Admr., v. United Gas Improvement Company, 319 Pa. 17, and

Pennsylvania Company for Insurances on Lives and Granting Annuities v. Harr, 320 Pa. 523. We think the annotation might well have included several other cases. Thus, in Wasserman v. Steinman et ux., 304 Pa. 150, plaintiff brought suit for the return of a deposit made under an agreement of sale. However, the pleadings showed that the agreement had expired and that seven days after the extended time for settlement defendant had written to plaintiff threatening suit for the full balance of the purchase money. No suit was started by defendant and in discussing the case, the Supreme Court, by way of dicta, said: "Even had defendants brought suit as threatened they could have discontinued it and sought another remedy." Citing Watkins v. Neff et al., 288 Pa. 314 and Holt v. McWilliams, 21 Pa. Superior Ct. 137.

The facts of Watkins v. Neff et al., supra, are too complicated to set forth in this opinion but it is sufficient to state that it was held that the vendor was not compelled to proceed to final judgment in a suit which he had commenced to recover the balance of the purchase price but had a right to discontinue the same and to defend a subsequent suit for the return of the down money by the vendee.

In Holt v. McWilliams, 21 Pa. Superior Ct. 137, the facts were that McWilliams sold land to Holt by a parol agreement and the latter paid the full purchase price. No deed for a portion of the land was ever given. Holt had, at a previous time, brought suit for the recovery of the purchase price and had discontinued it. After McWilliams' death Holt presented a petition to the orphans' court for a decree directing a conveyance. The decree so entered was affirmed, the Superior Court saying, at page 140:

"The appellant urges another reason for reversal. It appears that the plaintiff brought an action at law which the appellant asserts was to recover the purchase

money, which is alleged to have been paid to the decedent. This is asserted to have been an election by the present petitioner to rescind the contract of sale. It is now said that having so elected, he cannot assert his right to specific performance, because the two proceedings are inconsistent. This phase of the case presents no difficulty. The action at law was discontinued and the costs paid. It was in fact a suit based upon the very contract which is now the basis of the decree for specific performance. The suit was founded on an obligation of the defendant to perform his agreement to convey. The two proceedings are not inconsistent. It is true, pending both, the plaintiff might have been driven to elect between them. He, however, discontinued the first, and relies now solely on his right to specific performance. The case of Findlay v. Keim, 62 Pa. 112, is a precedent which strikes from beneath the appellant support for the proposition he seeks to sustain, and clearly eliminates from application the case of Pott's Appeal, 5 Pa. 500, upon which he relies."

In Findlay & Hay v. Keim, 62 Pa. 112, the court cited with approval 1 Chitty's Pl. 214 that: "The circumstance of a party having elected one of several remedies will not in general preclude him from abandoning such suit and after having duly discontinued it, he may adopt any other remedy."

Therefore, it is clear that in Pennsylvania the mere commencement of an action does not prevent plaintiff from discontinuing it and starting a new action on an inconsistent theory. As a matter of fact, it may not even be necessary to formally discontinue the first action. In Egan v. United Gas Improvement Co., supra, the court said, at page 21:

"We cannot accept the contention of appellant that the formal discontinuance of the suit in assumpsit was a condition precedent to the maintaining of this action in equity. Institution by the plaintiff of the suit in as-

sumpsit on the law side of the court is not a bar to the vindication of his right in the present forum."

It follows that if plaintiff may discontinue an action and start anew, that the same rule applies to a defendant who desires to assert a counterclaim. We feel that the foregoing reasoning is particularly applicable since the adoption of the Pa. Rules of Civil Procedure governing the action of assumpsit. In commenting upon rule 1033, dealing with amendments, it is said in Anderson's Pa. Civil Practice, vol. 2, page 518 et seq.:

"No express limitation is placed upon the amendment of pleadings. The pleader may amend the caption of his pleading, the endorsements of the pleading and any other matter of form. The pleader may change his averments of fact, without regard to whether he changes or adds a cause of action or defense.

"In the case of the amendment which introduces a cause of action, the pleader is subject to the implicit limitation that a cause of action cannot be added after the period of the statute of limitations has run and the requirement that the added cause of action be one which can be asserted in an action of assumpsit.

"By the express provision of Rule 1033, the pleader may aver facts or plead a cause of action or defense without regard to whether they occurred or arose before or after the commencement of the action.

"The pleader seeking affirmative relief, whether by way of claim or counterclaim, may amend his averments as to damages, or the relief claimed.

"Except where made after the period of the statute of limitations has run, there is no requirement that the amendment be consistent with the original pleading. The right to plead in the alternative will entitle the pleader to aver that the facts are either as he had pleaded in the original pleading or as he now avers them in the amendment. In such case however the verification of the amendment must conform to Rule 1024

(b) relating to the verification of inconsistent averments.

"While the pleader may retain his original pleading as an alternative, he is not required to do so and may depart from it to such extent as he chooses, subject to the restriction of the statute of limitations. If a departure is made from the original pleading, it is essential to include in the affidavit to the amendment a statement explaining the reason for the change. This is in effect an anticipatory defense to explain away the former pleading, for while the pleader may make the inconsistent amendment, the former pleading may be offered in evidence as a sworn admission by the party of the matters therein averred."

It follows that defendants' rule must be made absolute.