James J. Ferenchick and Camilla Ferenchick, Petitioners *v.* Administrator for Arbitration Panels for Health Care et al., Respondents.

Argued June 7, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

Joseph M. A. Nelabovige, Joseph M. A. Nelabovige, Inc., for petitioners.

Frederick Kraus, with him William F. Sutton, for respondents.

OPINION BY JUDGE ROGERS, December 13, 1982:

In this appeal, the petitioners, James J. Ferenchick and Camilla Ferenchick, challenge two orders of the Administrator for Arbitration Panels for Health Care, both entered on March 25, 1981.[1] By these orders the petitioners were notified that (1) their Election of Jurisdiction to transfer the action to the court of common pleas was dismissed as untimely filed; and (2) as of March 23, 1981 a Judgment of Non Pros had been entered in favor of the present respondents and against them.

An examination of the procedural history is essential to the resolution of this appeal. On September 26, 1980, the Supreme Court in Mattos v. Thompson, 491 Pa. 385, 421 A.2d 190 (1980), declared Section 309 of the Health Care Services Malpractice Act (Act), Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, unconstitutional. This section of the Act had vested "original exclusive jurisdiction to hear and decide" medical malpractice claims in the Arbitration Panels for Health Care (APHC). After Mattos, arbitration of these claims was no longer mandatory but could, by voluntary election of the parties, be used in situations where all parties to a claim consented. The court specifically provided in Mattos, however, that

---

[1] The case was reassigned to the writer on August 26, 1982.

upon the request of any party, the claim must be transferred to the appropriate court of common pleas.

On October 14, 1980, the Attorney General, in response to a request of the Administrator for an opinion as to how *Mattos* impacted upon the status of APHC, issued an opinion, *Health Care Services Malpractice Act,* 15 D. & C.3d 585 (1980) in which he instructed the Administrator to:

> [N]otify by mail, as soon as possible, all parties involved in pending claims of the preceding interpretation and the opportunity for voluntary arbitration under the act. They should be advised to respond to you within a time certain whether or not they consent to continued arbitration, and if no response withholding consent is received within the prescribed time period, consent to arbitration will be presumed. . . .
>
> In the meantime, until consent from all parties in a case is obtained or until the prescribed time period has passed, you cannot act on that case except to file and docket a complaint or other papers received or to transfer the case.
> . . .

*Id.* at 589. On October 24, 1980, the Administrator implemented these instructions by sending notices to all parties, who had claims pending before the APHC, with Election of Jurisdiction forms enclosed. He advised, *inter alia,* that:

> *If we do not receive your Election of Jurisdiction form by December 15, 1980, we will presume that you have consented to proceed before the Arbitration Panels for Health Care through the completion of the arbitration process.*
>
> Your election must be made on the enclosed form or a facsimile and postmarked or received by our Harrisburg office by December 15, 1980. (Emphasis in the original.)

The present action was commenced by a Notice Complaint filed on October 6, 1980, ten days after *Mattos* was decided. On October 24, 1980, notices and Election of Jurisdiction forms were mailed to all parties to the action, but no responses were received.

On January 2, 1981, in response to the praecipe of the present respondents filed November 17, 1980, the APHC issued a rule on the petitioners to file a complaint within twenty days or suffer an entry of Judgment of Non Pros. On January 14, 1981 the Administrator issued an order noting that none of the parties to the action had filed an Election of Jurisdiction to transfer the claim and that the action was therefore to proceed under the jurisdiction of the APHC. By a letter dated February 27, 1981 the present respondents granted the petitioners an extension until March 16, 1981 to file a complaint. On the same day, February 27, 1981, the petitioners filed an Election of Jurisdiction to transfer the present action to the Court of Common Pleas of Berks County. On March 23, 1981, the Respondents filed with APHC an application for judgment of non pros for the petitioners' alleged failure to file a timely complaint.

On March 25, 1981, the Administrator issued the two orders presently before us: by the first order, he dismissed the petitioners' February 27, 1981 Election of Jurisdiction as untimely filed and reaffirmed his order of January 14, 1981 declaring jurisdiction over this action to be with the APHC; by the second order, he notified the petitioners that, acting on the respondents' March 23, 1981 application for judgment, and as of that date, he had entered a Judgment of Non Pros in favor of the respondents. This appeal followed.

The respondents assert that the Administrator acted properly in assuming jurisdiction in the APHC by its order of January 14, 1981 since the petitioners

had been given the opportunity of choosing between the APHC and the court of common pleas as a forum and neglected to respond within the time required. As a corollary to this argument, the respondents contend that because the APHC had jurisdiction in the present case then both the Judgment of Non Pros and the dismissal of the petitioners' Election of Jurisdiction were proper. We disagree.

The rejection of this medical malpractice claim without consideration of the merits offends the rule of *Egan v. United Gas Improvement Co.*, 319 Pa. 17, 178 A. 683 (1935) and *Pennsylvania Company for Insurance on Lives v. Harr,* 320 Pa. 523, 183 A. 37 (1936) to the effect that a litigant does not elect one remedy, with the effect of foreclosing others, by merely instituting a suit, but that an irreversible election occurs only when he takes some positive, decisive, unequivocal elective act upon which his opponent reasonably relies to the opponent's detriment.

Here there was no unequivocal act of election by the petitioners and no detrimental reliance by the respondents. The petitioners' only act was initially to file their Notice Complaint with the APHC. The respondents entered defenses. There followed the mailed and published documents concerning *Mattos.* Neither the petitioners nor the respondents took any action to elect the jurisdiction of the APHC although the mailings and publications were addressed to both and told both to respond. The silent respondents now rely on the silence of the petitioners to justify the actions of the Administrator rejecting the petitioners' February 27, 1981 election of the court of common pleas as their forum and entering a Judgment of Non Pros on the basis of the respondents' praecipe filed some two weeks later.

The respondents not having been harmed, the petitioners cannot be held merely by filing their complaint

with the APHC to have irrevocably elected to pursue the cause there and cannot be presumed to have done so by merely failing to respond to a notice from the Administrator.

The respondents' additional arguments to the effect that the petitioners' appeal is either too early because they did not file a motion to strike or to open the Judgment of Non Pros or that it is too late because the petitioners should have appealed from the Administrator's order of January 14, 1981 assuming jurisdiction for failure of the parties to answer his request that they make an election of forums are without merit.

We will reverse the Administrator's orders of March 25, 1981, and remand the record with direction that the action be transferred to the Court of Common Pleas of Berks County.

### ORDER

AND Now, this 13th day of December, 1982, the orders of the Arbitration Panels for Health Care dated March 25, 1981, in the above captioned matter are reversed and the record is remanded with direction that the matter be transferred to the Court of Common Pleas of Berks County.