# McKean Natural Gas Co. *v.* Wolcott, Appellant.

*Lease—Oil and gas lease—Failure to pay rent on time—Forfeiture—Rent—Repossession by lessor—Bill in equity—Injunction.*

1. An oil and gas lease is not a mere license, but creates in the lessee a corporeal interest in the land.

2. The provision in an oil and gas lease rendering it void for failure to pay rent as stipulated is for the protection of the lessor, and after breach of such provision the tenancy continues until the lessor declares the forfeiture. If the rent in arrear be paid or tendered before the lessor declares the forfeiture, the breach is healed and the tenancy saved.

3. At the hearing of a bill in equity to restrain defendants as lessors from repossessing themselves of premises embraced in an oil and gas lease, by reason of an alleged forfeiture of the lease, it appeared that the lease provided "if the second party (lessee) fails to pay the first party $300 annually on January 28th of each year, then the lease becomes absolutely null and void." After paying the rent on time for thirteen successive years, on the fourteenth year of the tenancy the lessee mailed a check for the rent to the lessor so that it reached the office of the lessor on January 29th. On January 30th, the lessor returned the check and declared the lease forfeited. The lower court found that the failure to pay the rent on time was unintentional and that the enforcement of the forfeiture would be unconscionable. *Held,* the enforcement of forfeiture was properly restrained.

Argued May 1, 1916. Appeal, No. 133, Jan. T., 1916, by defendants, from decree of C. P. McKean Co., Feb. T., 1914, No. 3, in equity, awarding an injunction in case of McKean Natural Gas Company v. C. A. Wolcott and Alice F. Wolcott. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for injunction to restrain a lessor from enforcing a forfeiture. Before HECK, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a decree restraining defendants from enforcing the forfeiture and repossessing themselves of the premises. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*W. K. Swetland,* with him *F. D. Gallup* and *C. C. Van de Boe,* for appellant.—Under the provisions of the lease time was of the essence of the contract and the forfeiture was proper: Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Becker v. Smith, 59 Pa. 469; Wolf v. Guffey, 161 Pa. 276.

The law of landlord and tenant does not apply to an oil and gas lease: Barnsdall v. Bradford Gas Co., 215 Pa. 338.

*Edgar W. Tait,* with him *Edwin E. Tait,* for appellee. —The nonpayment of rent at the stipulated time rendered the lease voidable and not void and payment before a declaration of forfeiture by the lessor healed the breach: Wills v. Manufacturers Natural Gas Co., 130 Pa. 222; Ray v. Western Penna. Natural Gas Co., 138 Pa. 576; Ogden v. Hatry, et al., 145 Pa. 640; Leatherman v. Oliver, 151 Pa. 646; Wheeling v. Phillips, 10 Pa. Superior Ct. 634; Creveling v. West End Iron Co., 51 N. J. L. 34 (16 Atl. Repr. 184) ; Stone, et al., v. Marshall Oil Co., et al., 188 Pa. 602; Read, et ux., v. Tuttle, 35 Conn. 25; Morrison v. Smith, 90 Md. 76; Lewis v. Ocean Nav. & Pier Co., 3 N. Y. Supp. 911; Smith v. Miller, 49 N. J. L. 521 (13 Atl. Repr. 39).

The lessor cannot declare a forfeiture without first making a demand for the rent: Cole v. Johnson, 120 Iowa 667 (94 N. W. Repr. 1113) ; Haldeman v. Sampter, 2 Del. County Rep. 106.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This is a bill in equity to restrain defendants as lessors from repossessing themselves of premises embraced in an oil and gas lease, for an alleged forfeiture of the lease.

Defendants were in 1901 and still are the owners of one hundred and twenty acres of land in McKean

County; and that year executed a lease thereof to one James H. Waring for oil and gas purposes, which was afterwards assigned to and is now held by plaintiff.

The term of said lease was ten years from the date. thereof, "and so long thereafter as oil or gas can be produced in paying quantities or rentals paid in advance as hereinafter stated."

In case gas was found in paying quantities the rental was to be fifty dollars per annum for each gas well on the premises, payable in advance.

Said lease also contains a clause as follows, viz:

"The party of the second part agrees to complete six wells within one day on said farms......or in lieu thereafter pay to the party of the first part three hundred ($300) dollars per annum payable by deposit in the First National Bank of Olean, N. Y., or directly to the party of the first part in advance on the 28th day of January of each year until six wells are completed upon this lease or well rentals amount to three hundred ($300) dollars are paid yearly on the 28th day of January in advance......And if second party fails to pay to first party three hundred ($300) dollars annually on January 28th of each year then this lease becomes absolutely null and void."

The manifest intent was that defendants should receive at least three hundred dollars per year as rental even though no wells were drilled.

Plaintiff took and maintained such possession of the premises as was necessary for the purpose of the lease, and drilled its first gas well thereon in the fall of 1911 and four more within the next two years, which wells produce natural gas in large and paying quantities and are connected with plaintiff's general pipe line system. In the drilling and equipping thereof plaintiff incurred large expense, and its business would be greatly injured by the forfeiture of said lease.

Down to and including the year 1913 said rent was paid annually on or before January 28th, of each year

in advance, as provided in the lease. Plaintiff's office was at Olean, N. Y., about twenty miles from this property, and the said rent had been paid by checks sent to defendants therefrom by mail. However the checks so sent for the rent due January 28, 1914, did not reach defendants until the evening of the following day.

On January 30, 1914, defendant, C. A. Wolcott, called plaintiff's president by telephone and arranged a meeting for the following day, when Mr. Wolcott went to plaintiff's office at Olean, returned said checks and declared the lease forfeited for nonpayment of said rent when due. On the same day or shortly thereafter defendants proceeded to turn the gas from plaintiff's lines and otherwise repossess themselves of said premises, declaring said lease terminated. To prevent which the court granted a preliminary injunction against the defendants, and after final hearing the same was made permanent. Defendant made no demand for the payment of said rent.

An oil and gas lease is not a mere license but creates in the lessee a corporeal interest in the land: Barnsdall v. Bradford Gas Co., 225 Pa. 338.

While it is not in all respects similar to an ordinary lease for agricultural or other like purpose we see no vital difference so far as relates to the forfeiture thereof for nonpayment of money rent.

The provision in such lease rendering it null and void for failure to pay the rent as stipulated is for the protection of the lessor, and to terminate the lease by reason thereof requires affirmative action on his part. Notwithstanding the failure to pay the rent the tenancy continues until he declares the forfeitures: Wills v. Manufacturers Natural Gas Co., 130 Pa. 222; Ray v. Western Penna. Natural Gas Co., 138 Pa. 576; Jones v. West Penna. Natural Gas Co., 146 Pa. 204.

If before the lessor takes action in the matter the rent so in arrear be paid or tendered it heals the breach and saves the tenancy: 18 Am. & Eng. Ency. of Law (2d Ed.), 389.

We adopt the following from the opinion of the learned chancellor in the court below:

"It may be stated as a rule of law, that, when a tenant defaults in the payment of rent under a lease giving a right to a landlord to declare it forfeited for this reason, if, before a forfeiture is declared by the landlord, the money or rent due is paid or tendered by the tenant, the right to take advantage of the default as a forfeiture has passed. See Moran, et ux., v. Lavell, 25 Amer. & Eng. Ann. Cases 1007; s. c. 79 Atl. Repr. 818.

"In this case the Supreme Court of Rhode Island has discussed the application of this principle fully. Numerous other cases recognizing the same principle of law will be found in the note following the opinion of the court. 'Many principles of the law pertaining to landlord and tenant have been adapted to the rights arising between lessor and lessee of oil and gas leases, and we think that every reason is present for application of the rule under consideration to this case that exists in cases arising between landlords and tenant.' If this application of the law is correct, it follows that there was no forfeiture of the lease by nonpayment of rent on the 28th day of January, 1914, and that defendant's interference with the gas property of the plaintiff was unlawful, and its consequences so seriously interfered with the rights of the plaintiff that a court of equity should intervene to protect it in its rights."

It is suggested that the defendants only had one day before such tender in which to declare the forfeiture, which indicates that the breach was an oversight and not intentional.

The chancellor also finds upon sufficient evidence that to enforce the forfeiture in this case would be unconscionable, and if so equity has jurisdiction to prevent it: Thompson v. Christie, 138 Pa. 230; Lynch v. Versailles Fuel Gas Company, 165 Pa. 518; Homet v. Singer, 35 Pa. Superior Ct. 491.

Of course a forfeiture will often be enforced, but we

cannot say that the court below erred in declining to permit it in this case.

The assignments of error are overruled and the decree is affirmed at the cost of the appellants.