HARRELL *v.* SALINE OIL & GAS COMPANY.

Opinion delivered April 10, 1922.

1. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where the complaint, in an action to cancel an oil and gas lease, set forth the lease, which provided that if no well was commenced by a certain date the lease should terminate unless the lessee tendered a given rental, and alleged a failure to pay such rental as agreed, and both parties directed their proof entirely to the question of such payment, it was too late on appeal to take advantage of the plaintiff's failure to plead and prove that no work had been done on the leased premises, since, if the complaint was indefinite, the remedy was a motion to make it more definite and certain.

2. MINES AND MINERALS—NOTICE OF FORFEITURE OF LEASE.—Under an oil and gas lease providing for its termination if no well should be commenced by a certain date unless the lessee paid a certain rental, notice of forfeiture was not necessary where the lessor remained in possession; time being of the essence of the contract and no re-entry being required.

3. MINES AND MINERALS—FORFEITED LEASE—REINSTATEMENT.—After forfeiture of an oil and gas lease, the lessor cannot reinstate the lease after he leased the land to another.

Appeal from Drew Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*P. S. Seamans,* for appellant.

Notice is not necessary to declare a forfeiture upon the failure to pay the stipulated rentals. *Epperson* v. *Helbron,* 145 Ark. 566. Especially is this true where the lease does not provide for any notice. 152 Pac. 597. However, the execution by the lessor of a second lease, with knowledge thereof on the part of the first lessee, is sufficient notice. 86 N. Y. 368; 67 N. E. 259; 62 L. R. A. 869; 24 Cyc. p. 1357. A refusal of the lessor to accept rent from the lessee in sufficient notice. 105 S. W. 424.

*Henry & Harris,* for appellee.

No declaration of forfeiture was made. 225 S. W. 345; 44 Ind. App. 207; 88 N. E. 859; 160 Pac. 94; L. R. A. 1917-B 1184. Upon failure to pay rentals title does not revest in lessor, but he then merely has the right to declare a forfeiture. Thornton's Law of Oil & Gas, sec. 175; 98 Atl. 955.

Acceptance of rentals estops the lessor. Thornton, sec. 177; 99 S. W. 668. Only the lessor, not a stranger, can avail himself of the right to declare a forfeiture. Thornton, secs. 175 and 177; 176 S. W. 816.

McCULLOCH, C. J.   Appellant instituted this action in the chancery court of Drew County to cancel a lease executed by Harper Green, the owner of a tract of land in that county, to appellee, Saline Oil & Gas Company, permitting the latter to explore the land for oil and gas and to develop same if discovered. The contract was in writing, executed by the parties on January 19, 1920, and granted to the lessee the right to explore for gas and oil, and, if the mineral was developed, to pay to lessor one-eighth of the price for the commodities developed and sold. The contract contained the following clause:

"If no well is commenced on said land on or before the 19th day of January, 1921, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to Harper Green, who is hereby appointed agent for such purpose, in the manner hereinafter provided, the sum of thirty dollars, which shall

operate as a rental to recover the privilege of deferring the commencement of a well for twelve months from said date.''

The lessor, Green, executed a second lease to appellant on January 24, 1921, and the contention of appellant is that at the time of the execution of the lease to him there had been a forfeiture by appellee of its lease from Green.

It is alleged in the complaint that appellee, not having commenced a well on the leased land within a year, as specified in the contract, failed to pay the rental as stipulated in the contract on or before the date mentioned therein and that the lease thereby became forfeited.

The answer contained a denial of all the allegations of the complaint with respect to forfeiture, and also pleaded that there was no forfeiture by reason of the fact that there had been no declaration or notice by the lessor of the termination of the lease.

There was a decree dismissing the bill for want of equity.

It is contended by counsel for appellee that there is neither allegation nor proof that exploration or development work was not commenced on the place within a year from the date of the lease, and that for this reason the question of forfeiture or abandonment by reason of the failure to pay the rental does not arise. We are of the opinion that this contention is not sustained by the record, and that the point is raised here for the first time.

The terms of the lease contract are set forth in the complaint, and there is a statement that the lessee failed to pay the lessor said rental ''in accordance with the terms of said contract, and, having failed to in any manner whatever make such payment on or before the 19th of January, 1921, allowed said lease contract to lapse and become null and void.'' This allegation was denied in the answer. It was equivalent to an allegation, inferentially at least, that work had not been commenced on the land within the time mentioned, for the contract

is set forth in the pleadings, and it is shown that according to its terms the failure to pay the rental within the time specified would not operate as a forfeiture unless there had been a failure to commence work within that time.

The allegation was, it is true, imperfect and indefinite, but the remedy was by motion to make the complaint more definite and certain in this respect.

It is the same with regard to the proof in the case. Both sides directed their proof to the question of payment of the rental, and nothing was said by the witnesses about the failure to commence work. It is clear that both sides introduced proof upon the assumption that there had been no work commenced on the land, and both sides treated the issue of fact in the case to be whether or not there had been a forfeiture on account of the failure to pay rental.

Appellee's manager, in his testimony concerning the failure to pay the rental within the stipulated time, spoke of it as a delinquency, and this necessarily implied that no work had been done on the land.

It is too late now to take advantage of defects in the pleadings and proof as to the failure to allege and prove directly the fact that there had been no work done on the leased premises.

There is really no dispute concerning the material facts in the case. Green was living on the land at the time of the execution of the first lease and continued to reside there up to the trial of this cause. The rental under the lease was not paid to Green, and on January 24, 1921, appellant drove out to Green's home and secured another lease from him on substantially the same terms as the one formerly executed and under which appellee claims.

The evidence shows that Green hesitated about executing the lease until he could make a further inquiry at one of the banks at Monticello to ascertain whether or not appellee had paid the rental money within the time specified in the contract, and he finally executed the

lease to appellant with the distinct understanding that if, upon further inquiry, it was found that appellee had paid the rental within the time specified, the lease to appellant should be canceled. It was found upon further inquiry that appellee had not paid the amount into the bank, but on January 29, 1921, appellee paid the rental money to Green, who accepted the same and tendered to appellant the sum of twenty dollars, which was paid to him as consideration for the execution of the lease to appellant. This sum was rejected by appellant, and the present suit was immediately instituted.

This brings us to the decisive point of the case— whether or not a declaration of the forfeiture, or notice of the intention on the part of the lessor to declare a forfeiture before the payment of the rental, is essential to the consummation of the forfeiture.

We have decided that the time specified for performance in a contract similar to the one now under consideration is of the essence of the contract. *Epperson v. Helbron,* 145 Ark. 566.

It is contended on behalf of appellee that the case just cited also decides, according to his contention, that there must be a declaration of forfeiture before the offer to pay the rental in order to consummate the forfeiture, but we do not find on consideration of the opinion in that case that that was the question presented or decided. It is true that it was contended in that case that there was a waiver of the forfeiture by failure to give notice, before the payment of the rental, of an intention to forfeit. But we decided that the placing of notice in the mails by the lessor, properly addressed to the lessee, was sufficient notice; we did not go into the question at all of the necessity for notice. We must therefore treat the question as still being an open one, so far as being covered by the decisions of this court.

According to the great weight of authority, notice of forfeiture is not necessary under a contract similar or identical with the one now under consideration in order to terminate the contract. The authorities on the subject

are to the effect that where the parties state that the contract shall be terminated unless certain acts are performed within a certain time, the contract comes to an end without further action unless notice is provided in the contract itself. That rule is stated in Thornton on the Law of Oil and Gas, Vol. 1, Sec. 182, as follows:

"If the lessor be in possession, notice to the lessee of his intention to declare a forfeiture is not necessary, unless the lease provides for it; and if a notice is necessary, the execution of a second lease, to the knowledge of the first lessee, is a sufficient notice to him."

It was decided in the following cases that notice was not required: *Allegheny Coal Co.* v. *Bradford Oil Co.,* 21 Hun (N. W.) 26, affirmed in 86 N. Y. 368; *Mitchell v. Probst,* 52 Okla. 10, 152 Pac. 597; *Jennings-Heywood Oil Synd.* v. *Houssiere-Latreille Oil Co.,* 119 La. 794; *Brown* v. *Wilson,* 58 Okla. 392, L. R. A. 1917-B, 1184; *Gadbury* v. *Gas Co.,* 162 Ind. 9, 62 L. R. A. 895.

In some of the cases a distinction is made between contracts which provide for forfeiture in the event of failure to commence work within the stipulated time "unless" rentals be paid within a certain time, and where the contract provides for payment of rental in the alternative. In the Oklahoma case of *Brown* v. *Wilson, supra,* it was decided that there was no real distinction between the two forms of contract, but in the *Natural Gas Co.* v. *Wolcott,* 98 Atl. 955, the Supreme Court of Pennsylvania decided that, where the contract was in the alternative, notice of forfeiture was essential. In the decisions which hold that notice is not essential it is upon the ground that, time being of the essence of the contract, if the lessor remains in possession, there can be no reentry, and no further act or notice is necessary in order to terminate the contract.

We think the reasoning of these cases is sound, and in the present instance there was a forfeiture or abandonment of the contract by the lessee. Of course, the lessor had no right to reinstate the contract by acceptance of rentals after having leased the land to appellant.

It follows that the decree was erroneous, and the same is therefore reversed, and the cause is remanded, with directions to enter a decree in favor of the appellant in accordance with the prayer of the complaint.