BRAY *v.* WOODLEY.

Opinion delivered February 4, 1924.

1. APPEAL AND ERROR—EFFECT OF SUSTAINING DEMURRER TO ANSWER.—In determining upon appeal whether a valid defense was stated in an answer, to which the trial court sustained a demurrer, the facts stated therein will be treated as true.

2. PLEADING—LEGAL CONCLUSION.—An allegation that a contract was framed in the language used through fraud and mistake amounted to no more than a legal conclusion, and was insufficient to secure a reformation of the contract.

3. EVIDENCE—PAROL EVIDENCE RULE.—A provision in a written oil and gas lease for a forfeiture unless a well was commenced or rental paid before a certain date could not be varied or contradicted by parol testimony that the actual agreement allowed a longer time, and an answer setting up such an oral agreement stated no defense.

4. MINES AND MINERALS—FORFEITURE OF LEASE—NOTICE.—Under an oil lease providing for its termination if no well was commenced

by a certain date, unless the lessee paid a stipulated rental, notice of forfeiture was unnecessary to terminate the contract, and execution of new lease to others gave them the right to have the prior lease canceled as a cloud on the title.

5. MINES AND MINERALS—OIL LEASE—WAIVER OF FORFEITURE.—Under an oil lease, which lessor had become entitled to forfeit because of failure of lessee to pay the stipulated rental in lieu of drilling a well, if thereafter the lessee deposited the stipulated rental and the lessor agreed to accept the same as payment therefor, there was an acceptance of the rental money and a waiver of the right to insist upon a forfeiture.

6. MINES AND MINERALS—RIGHTS OF PURCHASERS OF OIL LEASE.—Under an oil lease, a waiver of forfeiture would be ineffective against subsequent purchasers or lessees without notice.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; reversed.

*Frank M. Betts,* for appellant.

1. If the facts stated in the answer, and every reasonable inference that may be drawn therefrom, constitute a defense, the demurrer should have been overruled. 52 Ark. 378; 75 Ark. 64; 107 Ark. 142; 96 Ark. 163, and cases cited; 210 S. W. (Ark.) 143.

2. Contracts may be reformed on the ground of mutual mistake, misrepresentation, etc. They may be reformed where there is no mutual mistake, as when there is mistake on one side and misrepresentation of material fact on the other. 174 S. W. 1158; 2 Pomeroy, Eq. Jur. 847-870; 104 Ark. 475. Plaintiffs' remedy was by motion to make more definite and certain, not by demurrer, if the allegations in the answer were incomplete, ambiguous or defective. 91 Ark. 400; 96 Ark. 163.

3. Acceptance of rent for the alleged defaulted period was a waiver of appellees' right to declare a forfeiture. 180 Pac. 528; 175 Pac. 920; 180 Pac. 959; 79 Tex. 256, 15 S. W. 228; 220 S. W. 1078.

4. The third parties purchased the lease and assignment thereof with full knowledge of appellants' rights.

*Patterson & Rector,* for appellees.

1. Appellant cannot invoke reformation, because (a) the amended answer shows clearly that the terms of

the contract were agreed upon and reduced to writing at the time the purchase money was paid in escrow to the joint agent, or immediately thereafter, and, since the parties could not have known when the title would be approved, if at all, it would have been physically impossible for the forfeiture clause in the lease to have been written as appellant claims it should have been written; (b) because he does not definitely allege in his answer how the mistake occurred.

2.    There was no waiver or other act upon the part of Lovett that would estop him from claiming a forfeiture under the lease to Bray.    54 Ark. 499; 70 S. C. 195; 36 Ark. 114; 100 Ark. 399; 96 Ark. 609.

McCULLOCH, C. J.    This is an action instituted in the chancery court of Union County to cancel a gas and oil lease executed by Sam and Ella Lovett to appellant Bray.    Appellees are subsequent lessees under the Lovetts, and allege that appellant had forfeited his lease prior to the execution of the lease of the Lovetts to appellees, on account of the failure to begin drilling or to pay the stipulated rental.    The lease contract between the Lovetts and appellant is in the customary form, stipulating a time for the beginning of the term within which drilling may be begun and consummated, and the arrangement for paying rentals for delay.    The contract was dated January 15, 1921, and it contained the following clause:

"If no well be commenced on said land on or before the 15th day of January, 1922, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor, or to the lessor's credit in the First National Bank of El Dorado, Arkansas, or its successors, which shall continue as a depository, regardless of changes in the ownership of said land, the sum of forty dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."

It is alleged in the complaint that no well was commenced nor rentals paid on or before the 15th day of

January, 1922. It is also alleged in the complaint that the Lovetts notified appellant of the forfeiture, and on February 11, 1922, executed to appellees another oil and gas lease covering the same land. The Lovetts joined with the subsequent lessees as plaintiffs in this action.

The court sustained a demurrer to appellant's answer, and, upon the latter declining to plead further, rendered a final decree in favor of appellees, canceling the lease.

The case having been decided on demurrer, the facts must be ascertained from the face of the pleadings, and what we have to determine now is whether or not a valid defense was stated in the answer. The facts stated in the answer must, in determining that question, be treated as having been correctly stated.

It is, in substance, stated in the answer that the stipulation in the deed providing a forfeiture if no well be commenced, or rental paid, on or before the 15th day of January, 1922, does not correctly state the agreement of the parties, and that the insertion of the stipulation in that form was done by fraud and mistake—that the contract was to be prepared and placed in escrow, subject to delivery upon approval of title, and that appellant was to have one year from and after the date of the actual delivery of the contract, which was on February 2, 1921. The allegation as to fraud and mistake amounts to no more than mere conclusion; no facts are stated upon which the charge of fraud or mistake is based. The allegation merely is that the contract was framed in that language through fraud and mistake. This is not sufficient to constitute an allegation sufficient to entitle the party to a reformation of the contract. The remainder of the allegations in this regard constitute an attempt to vary the written contract by parol evidence. The stipulation in the lease with reference to time for operating under the lease was of the essence of the contract, and those terms cannot be varied or contradicted by parol testimony. The allegations are in conflict with the contract itself, which appellant admits

in his answer that he executed, and no valid defense is shown by alleging a contrary parol agreement.

Under the contract, the forfeiture operated automatically, without notice of an intention to declare a forfeiture, and the lease subsequently executed to appellees by the Lovetts, covering the same premises, was sufficient to entitle them to cancel the prior lease, which was a cloud on their title. *Harrell* v. *Saline Oil & Gas Co.,* 153 Ark. 104. Unless a well was commenced, or the rentals paid, within the time specified in the contract, or unless the forfeiture was waived by some act of the Lovetts prior to the execution of the second lease to appellees, or subsequently by appellees themselves, they had a right to cancel the lease.

In another paragraph in the answer it is stated that appellant resides in the State of Missouri, and that he mailed to the First National Bank of El Dorado, St. Louis exchange for $40, the amount of the rentals due, which was received by the bank on January 23, 1923, and placed to the credit of the Lovetts in accordance with the contract, and the next paragraph reads as follows:

"14. Defendant, answering further, says that plaintiffs are estopped from claiming any forfeiture of the lease in this: that immediately after placing the money to his credit in the First National Bank the defendant advised in person that the money was there, subject to his order, and plaintiff advised defendant, in the presence of disinterested witnesses, that he would accept of it, and did come to El Dorado for the purpose of accepting of it and withdrawing it from the bank, when he was over-persuaded by his co-plaintiffs to refuse same and demand a cancellation of the lease, which was more than fifteen or twenty days after plaintiff had stated he would accept of said money. He therefore expressly waived any right that he might have had to have insisted on a forfeiture, and, by reason thereof, plaintiffs, by his words and conduct, are estopped from seeking a cancellation of defendant's lease in this cause."

It will be noted that the two paragraphs, when considered together, allege, in substance, that the money was actually received by the designated depository, First National Bank of El Dorado, on January 23, 1923, and that immediately thereafter the lessor entered into an oral agreement with appellant to accept payment of the rental. If there was an actual acceptance of the rental after the expiration of the stipulated time for such payment, it constituted a waiver of the forfeiture. *Cordell v. Enis, ante* p. 41. The date of the alleged acceptance on the part of the lessor is not stated so as to expressly show that it was done before the subsequent lease to appellees, but it is fairly inferable, from the language used in the answer, that this acceptance was made prior to the execution of the second lease, for it says that it was done immediately after the money was placed by the bank to the credit of the lessor, which was on January 23, and the lease to appellees Woodley and others was not, according to the allegations of the complaint, executed until February 11. Of course, the waiver of the forfeiture would not be effectual against subsequent purchasers or lessees without notice. Is this language sufficient to show that there was an acceptance of the rental money? We think it is. The money was in the bank mentioned as the depository, and had been placed to the credit of the lessor, and the agreement to accept the money constituted a ratification of the act of the bank in placing the money to his credit. The effect was the same as if the money had been actually turned over to the lessor. It passed beyond the control of appellant, for he could not then have withdrawn the money from the bank. But, even if he did have the right to withdraw the money, he did not attempt to do so, and, on the contrary, relied on the promise of the lessor to accept it in payment of rental, thereby depriving appellant of the use of the money for a period of fifteen or twenty days, according to the allegations of the answer. Under the principles announced in *Cordell v. Enis, supra,* this constituted a waiver.

Appellees were entitled to have the complaint made more definite and certain by a statement of the exact time and place and circumstances under which the alleged acceptance of the money was made; but the allegations are sufficient, we think, to show, in an imperfect way, that there was an acceptance of the rental, which constituted a waiver of the forfeiture, and which was effective not only against the lessor, but also against subsequent lessees with notice.

The court erred therefore in sustaining a demurrer to the answer, and for this error the decree is reversed, and the cause remanded with directions to overrule the demurrer.