## Sloan & Zook Co. et al. *v.* Lyons Refining Co.

*Receivers—Claim for rent—Wages—Priority of liens—Acts of May 12, 1891, P. L. 54; June 4, 1901, P. L. 404, and June 19, 1911, P. L. 1069—Construction of statute—State's policy from other statutes.*

1. Where a receiver of a lessee elects to enter into possession of, and occupies the leased premises, and does so in pursuance of an express order of court and under a decree restraining the landlord from asserting his right to the property, the receiver is liable for the rent accruing after he takes possession and, if the personal property of the lessee is thereafter sold, the landlord is entitled to his rent out of the proceeds in preference to wage claimants whose claims had accrued prior to the receivership.

2. While the Act of May 12, 1891, P. L. 54, gives wages a priority out of the proceeds of the sale of the employer's property, the word "proceeds" in the acts means, in the case of a receivership, what remains after payment of the costs and expenses of the receivership necessary to carry out the trust by the receiver as the hand of the court.

3. The declaration of the state's policy in the Insolvency Acts of June 4, 1901, P. L. 404, and June 19, 1911, P. L. 1069, as to rent claims, is entitled to much consideration, although proceedings may not have been under these statutes.

Argued May 11, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 21, Jan. T., 1928, by Crown Central Petroleum Corporation, rent claimant, from order of C. P. Warren Co., June T., 1926, No. 40, dismissing exceptions to distribution of proceeds of receiver's sale in case of Sloan & Zook Co. and Union Oil Co. of Pennsylvania v. Lyons Refining Co. Reversed.

Exceptions to distribution. Before ARIRD, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Crown Central Petroleum Corporation, landlord claimant, appealed.

*Error assigned,* inter alia, was order, quoting record.

*Earle Macdonald,* for appellant.—The landlord was entitled to his rent: Lane v. Hotel, 190 Pa. 230; Prenatt v. Printing Co., 250 Pa. 406.

*Sidney D. Blackman,* with him *Bordwell & Eldred,* for appellee.—Wages earned are made a lien on the property described in the act, and would be a lien from the time they were earned: James Reese & Sons Co. v. Hulings, 9 Pa. Superior Ct. 265; Mould v. Mould, 28 Pa. Superior Ct. 318; Moore v. Lincoln Park, etc., Co., 196 Pa. 519; Carlenwright L. & B. Co.'s Est., 44 Pa. Superior Ct. 640; Pramuk's App., 250 Pa. 45; Penna. E. Works v. Stamping Co., 259 Pa. 378.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

When the balance shown by the account of the receiver appointed in this proceeding came before the court for distribution, it was claimed by wage lienors

and by the landlord of the insolvent corporation. The amount due the wage claimants exceeded the fund for distribution, as did also the claim of the landlord, and the court awarded the entire amount to the former and excluded the claim of the landlord; the latter brings this appeal.

The wages accrued prior to the receiver's appointment. The fund for distribution was realized entirely from the sale of the personal property which had come into the receiver's hands with the exception of $500, which came from the sale of the equity which the insolvent corporation had in the lease from appellant.

The appellant's claim is for rent of the property from the time of the appointment of the receiver until the date of the sale of the insolvent's assets, during which time the receiver under the court's decree occupied the oil refinery which is the subject of the lease. The decree enjoined appellant from taking possession of its property and from "attempting in any manner whatsoever to abrogate, change, cancel, annul or terminate any leases, agreements or contracts until the further order of the court."

The theory upon which appellant bases its claim to the fund is that as the court had restrained a forfeiture of the lease and directed the receiver to continue the occupancy of the property, this use and occupancy thereof was an expense of the receivership necessary to preserve the oil and other property of the insolvent, and appellant, therefore, became entitled to payment out of the fund for distribution before the wage liens. In Prenatt v. Messenger Printing Co. (No. 2), 250 Pa. 406, we had before us a case where a receiver of an insolvent corporation had in his possession a leased machine which he used in carrying on the business entrusted to his care and it was determined that the claim for rent for the time the receiver had possession of and used the machine was a preferred claim. "As a general rule a common law or chancery receiver appointed by order of the court

does not, by taking possession of leased premises, become personally liable for the rents reserved, as assignee of the lease. He holds as a mere custodian of the court and the title to the leasehold does not vest in him. A receiver of a lessee does not become responsible for rent merely by accepting the trust and receiving the assets, *unless he elects to take possession* of the leased property and assume the liability to pay the rent *or do some act which is in law equivalent to such an election......* Such an election is manifested by entering into possession of and occupying leased property": 23 R. C. L., p. 75, section 81. "A receiver does not become liable upon the covenants of the lease because of his position as receiver, but because and only because of his own acts in respect thereto. He becomes liable when he has elected to assume the lease or has taken possession of the demised premises and continued in possession under such circumstances as in law would be equivalent to such an election": Clark, The Law of Receivers, volume 1, section 521. "The mere acceptance by the receiver of the trust does not render the receiver liable for the rent of the premises, and he cannot be held liable under the lease until he elects to hold possession under the lease or does some act which is equivalent to such election": Clark, The Law of Receivers, volume 1, section 528. "A receiver who enters into possession of and occupies leased property unequivocally manifests his election to recognize the lease and thereby incurs a liability for the payment of the rent": 16 L. R. A. 90, note. In the instant case, not only did the receiver enter into possession of and occupy the property, but he did so in pursuance of the express order of the court and under a decree which forbade the landlord to assert its right in the property. "If the receiver......keeps the landlord out of possession of the premises with the sanction of the court, the funds in his hands become equitably charged with the rent accruing during such occupation": Fletcher, Encyclopedia of Corporations, volume 8,

section 5291. "Rent accruing after the appointment [of a receiver] is an expense connected with the administration of the estate and has such priority as may be accorded claims against the receiver himself": Tardy's Smith on Receivers (2d ed.), volume 1, p. 545. "The rental of leased property for which receivers are liable is regarded as an expense incident to the administration of the receivership, and, like other costs, is to be paid before the assets of the debtor are distributed among his creditors": 34 Cyc. 352. In Lane v. Washington Hotel Co., 190 Pa. 230, 235, it was said, speaking through Mr. Justice DEAN, "There is no power in the courts in the interest of creditors and stockholders, to take possession of property, operate it as a hotel and deprive the owner of any legal right......[The lessor's] right to enter upon the premises and distrain for rent on default being made in any monthly payment was unquestioned. The court could not by taking possession deprive her of this right, except by maintaining her status as landlord on any fund realized from the property subject to distraint. Admit the property of the hotel company, by the appointment of the receiver, went into the custody of the law and was no longer subject to seizure on a landlord's warrant for default in payment up to that time, still her right to seize the property was merely transferred into a lien on the fund, which the court on distribution was bound to recognize......It is the rent payable by the receiver during the last months of his occupancy that constitutes her present claim. But he could have no other or more favorable exemption from her demand than his insolvent, the hotel company had; nor could the court give him any......No insolvency of her tenant nor action of the court in the interest of the tenant's creditors could prejudice the landlord's right to her rent, and this right continued as long as the receiver occupied her property under the terms of the hotel company's lease." We are not called upon in the pending case to determine the question of priority

as between rent during the time the receiver occupied the property and his own expenses, commissions and counsel fees, as the latter have been paid without objection. The tendency of the most recent cases is to prefer the receiver's compensation and counsel fees: Bauer v. Wilkes-Barre Light Co., 274 Pa. 165. In that case they were given priority over state taxes.

Let us now consider the status of wage claims under the pertinent statutory enactments. "All moneys that may be due or hereafter become due for labor......for any period not exceeding six months preceding the sale or transfer of the real or personal property......by execution or otherwise on account of the......insolvency of such employer......shall be a lien upon said real or personal property......and shall be preferred and first paid out of the proceeds of the sale of such real and personal property......provided, however, that the claim thus preferred shall not exceed two hundred dollars......": Act May 12, 1891, P. L. 54. The wage claims here are all within the terms of the act in the respect that they are for a period not exceeding six months preceding the sale and each is for less than two hundred dollars. It will be noticed that the act provides that money which may be due for labor shall be a lien upon the real or personal property of the employer and shall be preferred and first *paid out of the proceeds* of the sale of such real and personal property. "The proceeds" in the case of a receivership is what remains after payment of the costs and expenses of the receivership necessary to the carrying out of the trust by the receiver as the hand of the court. The Act of June 12, 1878, P. L. 207, provides, "It is the true intent and meaning of the provisions of the Act of Assembly entitled 'An act for the better protection of the wages of mechanics, miners, laborers and others' passed the ninth day of April, 1872, [to which the Act of 1891 is a supplement] that the several classes of laborers in said act mentioned shall have a preference over landlords, in all claims for

rent......where the lessee or lessees are the parties employing the miners, mechanics, laborers or clerks." Under this act there is no doubt but that the wage claimants come ahead of claims for rent due prior to the receivership: Riddleburg Coal & Iron Co.'s App., 114 Pa. 58; Trickett, Landlord & Tenant, section 354. But they cannot under the authorities be preferred to rent due by a receiver for the time he has occupied a property.

While this is not a proceeding under the Insolvency Act of June 4, 1901, P. L. 404, as amended by the Act of June 19, 1911, P. L. 1069, nevertheless the legislative declaration of the State's policy with reference to rent claims in the distribution of insolvent estates is entitled to much consideration. This act provides (section 31), "Rent accruing after the date of the assignment ......shall be paid as part of the expenses appertaining to the assignment." It also may be worthy to note that under the Federal Bankruptcy Act it has been held that administration expenses have priority over wage claims: In re Fountain, Inc., 295 Fed. 873.

We are of the opinion that the court below was in error in awarding the fund to the wage claimants and that it should have been awarded to the appellant on its claim for rent.

The decree of the court below is reversed, with directions to make distribution in accordance with the views herein expressed; costs to be paid out of the fund.