## City of New Castle, Appellant, *v.* John Whaley's Heirs et al.

Argued May 4, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Robert White,* City Solicitor, for appellant, cited: Steen's Estate, 175 Pa. 298; Armstrong's Appeal, 68 Pa. 409.

*J. Norman Martin,* and with him *Norman A. Martin* and *J. G. Lamoree,* for appellee, cited: In re: Zborowski, 68 N. Y. 88; Strasburger v. Guinter, 23 Pa. C. C. 481.

OPINION BY BALDRIGE, J., July 8, 1931:

This is an appeal from a judgment entered for the defendants on the pleadings under a sci. fa. to revive judgment on a municipal lien.

John Whaley died on February 1, 1900. Under his will he devised his real estate on County Line Street, in the city of New Castle, to his wife, Sarah, for life, and directed that, after her death, the land should be sold and distributed, in part, to certain legatees, and the residue as she should appoint. County Line Street was paved in the summer of 1910. A municipal claim was filed against John Whaley's Heirs and Sarah E. Whaley for $301.05. On November 15, 1918, a judgment was entered. Sarah Whaley died the 3d of January, 1922, and, thereafter, Robert H. Whaley qualified as administrator d. b. n. c. t. a., and the powers and duties of the executor were thereby extended to him, under Section 3 of the Act of June 7, 1917, P. L. 447. The testator failed to give sufficient power to his executor to make sale of the real estate and to execute and deliver a deed to the purchaser thereof. The administrator d. b. n. c. t. a. presented his petition

to the orphans' court of Lawrence County, asking for authority to make public sale of the real estate of the testator, which was granted, and the property was sold on May 6, 1922, to Samuel R. McCormick. The sale was duly confirmed by the court and the deed delivered, June 16, 1922. On June 23, 1922, McCormick and his wife conveyed the land to Sarah M. Whaley, Mary A. Whaley and Ella B. Whaley, the heirs of John Whaley, deceased. On January 25, 1923, an auditor was appointed by the orphans' court to make distribution of the balance of the money in the hands of the accountant. The city of New Castle had no actual notice of the sale and its lien was not paid from the proceeds thereof. On July 18, 1927, a praecipe for sci. fa. to continue the lien was filed, with direction to add the names of Sarah M. Whaley, Mary A. Whaley and Ella B. Whaley as owners. An affidavit of defense was filed and a motion was made by defendants for judgment on the whole record. The court, after argument, entered judgment for them, and the plaintiff appealed.

The proceedings in the orphans' court are not included in the record before us. The appellees seem to maintain, although they do not so state very definitely, that the sale was had under the Revised Price Act, approved June 7, 1917, P. L. 388, Section 2 (e), which gives jurisdiction to the court "Where there has been or shall be a defective appointment in any deed or will, and the necessary power is not given to the executor, devisee, or appointee to make sale and conveyance of real estate." Section 22 thereof provides that "All public sales of real estate under the provisions of that act shall have the effect of judicial sales as to the discharge of liens upon the real estate so sold." If the sale was had thereunder, undoubtedly, the lien was discharged.

The appellant insists that the sale was had under the

Fiduciaries Act, approved June 7, 1917, P. L. 447, and states the question involved in this appeal as follows: "Is a sale, made under the provisions of Section 28 of the Fiduciaries Act of 1917, a judicial sale, which will divest the lien of a judgment on a municipal claim for street paving, by special assessment upon lands of a decedent after his death but before the death of his widow, where by his will he directs that after the death of his wife, the land shall be sold?" The appellees did not see fit to make any counterstatement. The learned court below evidently was of the opinion that the authority of the court for directing the sale in this case was under Section 28 of the Fiduciaries Act, which reads: "All powers, authorities, and directions, relating to real estate, contained in any last will, and not given to any person by name or by description, shall be deemed to have been given to the executors thereof; but no such power, authority, or direction shall be exercised or carried into effect by them except under the control and direction of the orphans' court having jurisdiction of their accounts, and after the entry of security, if the court shall so direct." Assuming that the sale was had under the Fiduciaries Act, the question raised has not been decided, and it is not altogether free of doubt. What may accurately be denominated as a judicial sale is not very well settled. There are certain well defined tests, however, to which it must conform. It must be based on a judicial order as the result of a judicial proceeding and be subject to the court's confirmation.

A judicial sale is defined by Rapalje and Lawrence, Vol. 1, Page 699, as "a sale under the judgment, order, or decree of the court; a sale under judicial authority, by an officer legally authorized for the purpose, such as a sheriff's sale, an administrator's sale, etc." Bouvier, Vol. 2, Page 1754, Rawle's Third Edition, gives as a definition: "A sale, by authority of some

competent tribunal, by an officer authorized by law for the purpose. The term includes sales by sheriffs, marshals, masters, commissioners, or by trustees, executors, or administrators, where the latter sell under the decree of a court.'' It has been said by our Supreme Court that sales by order of the orphans' court are judicial sales: Dixcy's Exrs. v. Laning and Sill, 49 Pa. 143, 146. A sale under orphans' court proceedings in partition is a judicial sale (Girard Life Ins. Co. v. Farmers' and Mechanics' Bank, 57 Pa. 388, 394), as is a sale by an administrator for the payment of debts: Vandever v. Baker, 13 Pa. 121, 126; Dixcy's Exrs. v. Laning, supra. On the other hand, a foreclosure sale by a trustee of a mortgage is not a judicial sale (Com. v. Keystone Graphite Co., 248 Pa. 344), nor is a sale under a testamentary power: Fisher v. Kurtz, 28 Pa. 47, 49.

In Moore v. Shultz, 13 Pa. 98, 102, Mr. Justice COULTER, in discussing what is a judicial sale, said, ''It is a sale made by authority and direction of the orphans' court, which prescribes or ought to prescribe the time, manner, and conditions of the sale; and upon the report of the administrator, they determine whether their directions have been complied with, and whether or not the sale shall be confirmed. I am at a loss to imagine what can constitute a judicial sale if this does not, provided it be admitted that an orphans' court is a judicial tribunal; which, I presume, could not be denied. Sales of this kind have been denominated judicial sales, in many of the decisions of this court; and substantially decided so to be in others, which it is not necessary to enumerate. And such I take the general understanding to be, of the bench and the bar.''

We are confronted with the contention that this sale was not the result of an order or decree, but only a judicial assent to a statutory provision. As we have

already observed, the testator directed the sale of the property after the death of his wife, but failed to give the necessary power to make effective this request. Under the statute alone, the sale could not have been made. It was necessarily based on a judicial proceeding, consisting of a petition to the court and its judicial decree authorizing the sale, and requiring the filing of a bond; furthermore, the petitioner was ordered to make return thereof to the court for its approval, which involves judicial action.

In Mussleman's Appeal, 65 Pa. 480, the testator directed his land to be sold without naming anyone to execute the power and the executor sold without the order of the orphans' court. The vendee had entered into possession and derived benefits therefrom, but refused to comply with the contract. The court held, in the circumstances, that the orphan's court had power to ratify the sale. In the course of the opinion, Mr. Justice Agnew said (p. 488), "But the executor in this case derives his power to sell from the law acting upon the will, and not from the court; and it is the exercise of the power only which is subjected to the control of the court." It is upon that utterance the appellant relies. But on page 486, the court said further, "The power of sale was given to no one by name or description, and it therefore fell within the 12th section of the Act of the 24th of February 1834, to wit: 'All powers, authorities and directions, relating to real estate, contained in any last will, and not given to any person by name or description, shall be deemed to have been given to the executors thereof, but no such power, authority or direction, shall be exercised or carried into effect by them, except under the control and direction of the orphans' court having jurisdiction of their accounts.' Thus it is evident that the jurisdiction over any sale made by executors under the power conferred by this section is vested exclusively

in the orphans' court, for to that court alone is the control and direction over it given." It is the power of the court, therefore, which controls and gives validity to the sale.

In Wright v. Vickers, 81 Pa. 122, 131, involving the construction of the Act of March 23, 1867, P. L. 43, which provides that the lien of a mortgage upon real estate shall not be affected by any judicial sale, Mr. Justice PAXSON, in a concurring opinion, stated, "Even a sale upon a prior mortgage is within the letter of the act. So is a judicial sale in the execution of a power contained in a will."

In Warehime v. Graf, 83 Md. 98, 34 Atl. 364, the court held, under a statute requiring all sales by executors under any power in a will to be confirmed by the court, that such sales are judicial sales.

It is true that the section of the Fiduciaries Act under consideration does not expressly provide that sales under it shall discharge liens, as in Section 16 which treats of sales for the payment of debts, or as in the Revised Price Act; but, nevertheless, if the sale is a judicial sale, then under Section 31 of the Act of May 16, 1923, P. L. 207, the lien of taxes is divested, if the amount due under the lien is definite and determined, as in the case at bar.

A careful consideration of this case brings us to the conclusion that the sale made by the administrator in pursuance of the order of the court, which was duly confirmed and the proceeds thereof distributed by the court, was a judicial sale. Being a judicial sale and for a sufficient sum to pay the costs and the appellant's lien, the lien was divested by such sale.

Judgment is affirmed.