## Chadwick *versus* Felt.

The possession necessary to take a parol contract for the purchase of lands, out of the statute of frauds, must be taken and maintained under and in pursuance of the contract, and must be exclusive in the vendee.

The purchaser by parol, of an undivided interest in lands, is incapable of such a possession as will take the case out of the statute of frauds.

The payment of a part of the purchase-money of a tract of land, raises a resulting trust in favour of the party by whom such payment is made.

A party who has an equity resulting from the payment of a part of the purchase-money, cannot defend in ejectment without a tender of the balance of the unpaid purchase-money; at most, he can only have a conditional verdict.

ERROR to the Common Pleas of *McKean county.*

This was an ejectment by Eli Felt against Francis J. Chadwick for 25 acres of land, part of warrant No. 6108 in Shippen township.

In 1854, McHarg & Richardson were the owners of that part of warrant No. 6108, lying north of the Driftwood branch of the Sinnemahoning creek. About 50 acres of this land lies south of the public road, and between it and the Sinnemahoning. The eastern part of this 50 acres was the land in controversy in this suit; the balance lies north of the public road, extending on the hill.

On the 9th August 1854, McHarg & Richardson conveyed the premises to Merrick Housler; and on the 2d March 1857, Housler and wife conveyed to Eli Felt, the plaintiff.

The defendant gave evidence tending to prove that Daniel Britton and Merrick Housler purchased the land jointly for $500, that Britton paid $75 on account of the purchase-money, and that the balance of the purchase-money was afterwards paid by Housler, to whom McHarg & Richardson executed a deed for the land. There was contradictory evidence in reference to the alleged payment by Britton. The defendant showed title under a sheriff's sale of the land as the property of Daniel Britton.

There was also evidence of a joint possession by Housler and Britton; the latter occupying the eastern part of the land for which the suit was brought, and the western part being in the occupation of Housler. They both made improvements, and there was evidence that they had agreed upon a division line between them. About the time of the sheriff's sale, Britton went out of possession, and the defendant entered and was living upon the land at the time of the commencement of the suit.

The plaintiffs' counsel, under this state of facts, presented the following points in writing, upon which the court was requested to charge the jury:—

VOL. XI.—20

[Chadwick *v.* Felt.]

1. That the possession necessary to take a parol contract for the purchase of land out of the prohibition of the statute, must be one taken and maintained under and in pursuance of the contract, and must be exclusive in the vendee.

2. That if Daniel Britton was in possession of the land in controversy prior to, and at the time Housler acquired title to it, by article with McHarg & Richardson, on the 26th August 1851, and his subsequent occupancy was a mere continuance thereof, his purchase lacked an essential element to give it validity as a parol contract; and the plaintiff ought to recover.

3. That nothing which occurred between Goodrich and Housler prior to the execution of the article in August 1851, vested any title or equity in Housler to the land in question; inasmuch as the parties did not contemplate or intend making any parol contract, or any other than the one consummated at that time.

4. That prior to his acquiring any interest in the land, Housler could make no contract with Britton, parol or otherwise, that would vest any title or right of possession in him, nor did he undertake so to do; their conversation being merely preliminary to an expected arrangement in the future; and Britton's possession was a mere intrusion upon the rights of McHarg & Richardson, unprotected by contract.

5. The purchase of Britton by parol being that of an undivided moiety of the land purchased by Housler from McHarg & Richardson, was incapable of such a possession as is required by law to give it validity, and was therefore void; and the defendant claiming under him acquired no title by the sheriff's sale.

The court below (WHITE, P. J.) instructed the jury as follows:—

"The legal title to the land in question is regularly vested in plaintiff, and he is entitled to recover, unless defendant has shown a superior equitable title.   Defendant holds under Daniel Britton by sheriff's deed of the 28th February 1854.

"The transaction between Housler and Britton was a parol purchase.   By its terms Britton was to have the east half of the flat land on the tract, and the undivided half of the hill land, and to pay one-half of the purchase-money stipulated to be paid by Housler, in his contract with McHarg & Richardson.   The parties intended to have their contract reduced to writing, but failed to do so.   Britton having paid nothing, except the first payment of $75, abandoned his possession.   Housler, who was compelled to pay the residue of the purchase-money, conveyed the whole lot to Felt, including the moiety Britton was to have.   In this there was no greater violation of faith than is implied in every breach of a parol contract.   We are of opinion, therefore, that this is not the case of a resulting trust, or of a parol trust, unaffected by the statute of frauds.   The legal principles which rule the case

are stated correctly, as we conceive, in the plaintiff's 1st, 2d, 3d, 4th, and 5th points, which we answer affirmatively."

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff, the defendant removed the cause to this court, and here assigned the same for error.

*Wetmore*, for the plaintiff in error.—There was a resulting trust in favour of Britton, arising from the payment of a part of the purchase-money: 4 *Kent Com.* 305; 2 *Story Eq. Jur.* § 1201; Jackman *v.* Ringland, 4 *W. & S.* 150; Wallace *v.* Duffield, 2 *S. & R.* 521; Vanhorne *v.* Frick, 6 *Id.* 90.

*S. P. Johnson*, for the defendant in error, cited De France *v.* De France, 10 *Casey* 385; Barnet *v.* Dougherty, 8 *Id.* 372; Kellum *v.* Smith, 9 *Id.* 164; Robertson *v.* Robertson, 9 *Watts* 32; Haines *v.* O'Conner, 10 *Id.* 313; Fox *v.* Heffner, 1 *W. & S.* 372; Jackman *v.* Ringland, 4 *Id.* 149; Waterman *v.* Brown, 7 *Casey* 161; Filman *v.* Divers, *Id.* 429; Pattison *v.* Horn, *Grant's Cas.* 303–4.

The opinion of the court was delivered by

STRONG, J.—Looking at the transaction between Housler and Britton as a parol contract to sell, we entirely concur in the view taken of it by the learned judge of the Court of Common Pleas. The points propounded by the plaintiff below were in strict accordance with the law, as it has repeatedly been declared in this court, and the Court of Common Pleas could do nothing else than affirm them.

But was not the case rather one of resulting trust? The court below thought it was not, because the conveyance made by Housler to Felt, instead of Britton, involved no greater violation of faith than exists in every breach of a parol contract. This would be quite correct if a resulting trust could only arise from the breach of a contract. But it was the payment of the consideration-money of the purchase from McHarg & Richardson, if anything, which gave birth to the trust. The testimony of Goodrich tended to show that a part of that purchase-money was paid by Britton, and if it was, the law raised a trust in his favour. Both Housler and Britton, it is true, contradict the testimony of Goodrich in this particular. The existence of a trust, then, was dependent upon the finding of the jury as to which of the witnesses they believed, and this was not submitted to them.

All this, however, is immaterial to the case as it was presented. Even if Britton had an equity arising either from a parol contract of sale, or from the payment of a portion of the original purchase-money, the plaintiff was entitled to a verdict and judg-

[Chadwick *v.* Felt.]

ment. That purchase-money had been paid only in part, and the plaintiff, holding the legal title, was of course entitled to the possession. To protect himself under his alleged equity, the defendant should have tendered the unpaid balance of the purchase-money, or at least have asked for a conditional verdict. He did neither, and left himself defenceless.

The judgment is affirmed.