# Nesbitt *v.* Tarbrake, Appellant.

*Statute of frauds—Parol sale—Landlord and tenant—Possession.*

A person in possession of land under a written lease from several trustees for a definite term, cannot change this status into a possession under a parol sale of the land to him by proof that he had entered into a parol agreement with an agent of the trustees, with knowledge of one of the trustees, to purchase the land and to pay a certain amount on the execution of a written agreement and the balance in installments, and as a further consideration that no back rent should be collected, and the lease be considered at an end.

Trustees holding legal title to land can only act jointly in making deeds or agreements for the sale thereof.

Argued Jan. 12, 1906. Appeal, No. 36, Jan. T., 1906, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1905, No. 1,008, discharging rule to open judgment in case of Abram Nesbitt, W. L. Watson and W. A. May v. Henry Tarbrake.

Before RICE, P. J., PORTER, HENDERSON, MORRISON, OR-
LADY, HEAD and BEAVER, JJ.    Affirmed.

Rule to stay writ of habere. facias possessionem. Before
KELLY, J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*C. H. Soper*, for appellant.—To take a parol gift of land out
of the statute of frauds, it is necessary that it should appear
that the donee has made improvements which added to the
permanent value of the land; and by reason of this expenditure
upon such improvements, he would be prejudiced by the rescind-
ing of the contract: Wack v. Sorber, 2 Whart. 387; McKellip
v. McIlhenny, 4 Watts, 317; Harris v. Bell, 10 S. & R. 39;
Dixon v. Oliver, 5 Watts, 509.

*E. N. Willard*, of *Willard, Warren & Knapp*, for appellees.

OPINION BY MORRISON, J., March 12, 1906:

This was a petition to stay writ of hab. fa. poss. and upon
the judgment entered in pursuance of a written tenant lease
of land, the legal title to which was in the plaintiffs as trustees.
The lease bears date April 1, 1899, for a period of five years,
reserving rent at $75.00 per year.   The defendant refusing to
pay the rent, judgment was regularly entered against him, in
accordance with the terms of the lease, for the possession of
the premises.   Clearly, on its face, the judgment is sufficient
to oust the defendant from the premises.   What then is the
reason urged why he should not surrender the premises?   It
may briefly be stated thus: That on August 15, 1901, C. W.
Thompson, agent for the plaintiffs, entered into an agreement
with the defendant to sell him the said land for $1,500, to be
paid, $200 on executing a written agreement, and balance in
installments of $200 ; and a further consideration that no back
rent should be collected, and it was to be considered that the
lease be at an end.   The defendant says he accepted the agree-
ment and at once took possession under it, and made valuable

improvements to the amount of $3,000, with the knowledge and consent of said Thompson and W. J. Lewis, then one of the trustees.   The learned counsel for the defendant contends that this was such a transaction in regard to the land in question as is not avoided by the statute of frauds and perjuries. And he cites several authorities and argues that there may be such part performance of a parol contract for the sale of land as will take it out of the statute.   Some of his cases are the following: McGibbeny v. Burmaster, 53 Pa. 332; Eberly v. Lehman et al., 100 Pa. 542; Wack v. Sorber, 2 Whart. 387; Harris v. Bell, 10 S. & R. 39; and several other cases.

There is no difficulty about the law in regard to such contracts.   But is the contract under consideration what is claimed for it by the appellant?   The defendant was in possession of the locus in quo under a written lease from the trustees, for a definite term, reserving rent.   And he seeks to change this into a possession under a parol sale of the land to him; but he does not show that the trustees jointly, either by themselves or by an agent duly authorized to contract to sell said lands, ever pretended to make a parol agreement authorizing him to go into possession of the land as a purchaser.   The bargain he sets up was, confessedly, for a written agreement, and it was never executed.   By reference to defendant's petition and his counsel's history of the case, it clearly appears that the agreement was made with one Thompson, agent for the appellees, who made the bargain with the knowledge of one of the trustees.   But it is only averred that Thompson had authority to lease the land, and nowhere in the petition is there a sufficient averment that he had power to sell land for the trustees.   Moreover, Thompson made no agreement that defendant could take possession of the land as a purchaser under a parol agreement.   It is clearly stated in the petition and history of the case that there was to be a written agreement made, presumably, between the trustees and the defendant, but it was never executed.   Therefore, the defendant is not in the position of one who goes into possession of land and makes valuable improvements under a valid parol agreement authorizing him so to do.   The defendant had an oral bargain with Thompson and, perhaps, Lewis, for a written agreement of sale and purchase, and he committed the folly of going into possession, and making the improve-

ments, without this agreement ever being executed and delivered.

It does not need the citation of authorities that trustees holding the legal title to land, can only act jointly in making deeds or agreement for the sale thereof: Bispham on Equity, sec. 145; Lewin on Trusts, p. 257.

It does not appear that Nesbitt or Watson, two of the trustees, were ever consulted about the sale, or that they ever agreed to the cancellation of the lease. Nor does it appear that Thompson had power to cancel the lease.

We do not think the learned judge erred in refusing a rule to open the judgment, etc.

In reaching this conclusion we do not consider the record printed as an appendix to the appellee's paper-book, because it was not in evidence, and it is not regularly before us.

The order of August 31, 1905, refusing the rule is affirmed, and the appeal is dismissed at the costs of the appellant.