## Nagel v. Hager.

*Real estate — Option to buy — Statute of frauds — Possession—Improvements.*

1. An option for the purchase of land is a contract enabling the one to whom it is given to exercise a right of purchase at the time and for the price therein mentioned.

2. Under the statute of frauds, a contract for the sale of land must be in writing, unless a sufficient reason is shown to take it out of the statute.

3. To take such a contract out of the statute, it must be shown that possession was taken in pursuance of the contract, and that there was performance, or part performance, by the vendee such as could not be compensated in damages, and there must not have been undue delay in instituting the proceedings.

4. Possession taken before the time of the parol contract, if continued, cannot be considered a taking of possession under the contract and is not sufficient to take it out of the statute of frauds. Possession should be formally surrendered and resumed under the contract.

Bill, answer and testimony. C. P. Lancaster Co., Equity Docket No. 7, page 137.

*John M. Groff* and *Paul A. Mueller*, for plaintiff.

*F. Lyman Windolph* and *Willis G. Kendig*, for defendant.

HASSLER, J., Nov. 14, 1925.—From the bill, answer and testimony we find the following facts:

Nagcl v. Hager.

1. The defendant, John C. Hager, for a number of years has been the owner of a lot of ground known as Lot No. 8 of the Manor Tract in Lancaster Township, this county.

2. On May 10, 1919, the plaintiff paid him $25 "on account" of option on Lot No. 8, Manor Tract. He did not give him an option for the purchase of said lot. We find this fact from the testimony of Mr. Hager, who said that he agreed at the residence of the plaintiff to give him an option on the lot upon the payment of $150. Subsequently, at his office, the plaintiff paid him $25 and he gave him the receipt which plaintiff attaches to his bill, acknowledging the payment of that amount on account of the option on the lot, the receipt clearly showing that the said sum of $25 was not all that was to be paid to obtain an option. The plaintiff denies this testimony, and he is corroborated by his wife as to what occurred at his residence before he came to the office of the plaintiff. The agreement, however, was concluded at the office of the defendant, and the receipt corroborates the testimony of the defendant as to what it was.

2. As the $150 for which the defendant agreed to give the plaintiff an option was never paid, no option was ever given by the defendant to the plaintiff to purchase said lot, so that there could have been no acceptance of such an option on May 11, 1919, as alleged in plaintiff's bill, nor is there any proof that he exercised the right of accepting it.

4. The plaintiff was in possession of all or part of Lot No. 8 for a number of years before May 11, 1919, and has continued in possession of the same until recently.

5. In the spring of 1923, the plaintiff tendered to the defendant the amount of purchase money, with all interest up to that date. No payment or tender of any money was made prior to that date. The plaintiff used the lot, or a part of it, for many years in his business of raising plants and shrubs for sale. He erected a pipe on it to carry water and laid a sidewalk, but made no other improvements. The pipe was removed prior to the filing of this bill. It cost, according to his own testimony, about $100, and the walk cost $90. He also fertilized and prepared the land for the purpose for which he was using it.

### Conclusions of law.

1. An option for the purchase of land is a contract enabling the one to whom it is given to exercise a right of purchase at the time and the price therein mentioned. As we found the fact that the plaintiff was to pay the sum of $150 before the defendant was to give him an option for the purchase of the lot in question, which he failed to do, no contract for the sale by the defendant, and the purchase by the plaintiff, of the lot in question was made. The plaintiff, therefore, is not entitled to a specific decree ordering the defendant to convey the lot in question to him upon the payment of the purchase money.

2. But even though it could be construed as a contract, the plaintiff would not be entitled to a decree, as the contract was not in writing and sufficient reason has not been shown to take it out of the operation of the statute of frauds. In Derr v. Ackerman, 182 Pa. 591, it is said: "In order to take a parol contract for the sale of land out of the operation of the statute of frauds, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries, indicate the quantity of the land, fix the amount of the consideration, establish the fact that possession was taken in pursuance of the contract at or immediately after the time it

was made, the fact that the change of possession was notorious and the fact that it has been exclusive, continuous and maintained. It must show, also, performance, or part performance, by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust." In Daisz's Appeal, 128 Pa. 572, it is decided that where all the elements entitling the purchaser to a decree of specific performance are shown, such decree will not be made where there is unexplained delay in instituting the proceedings.

The plaintiff in this case does not give any reason for his delay in making tender of the money of three and a-half years after he alleges in his bill he exercised his right in the option to purchase the lot in question. He has not shown that he went into possession under any option to purchase, nor has he shown that there was performance, or part performance, by himself that cannot be compensated in damages.

Possession must have been taken under the contract of sale. Possession before the time of the parol contract, if continued, cannot be considered a taking possession under the contract and is not sufficient to take it out of the statute of frauds: Birkbeck v. Kelly, 19 W. N. C. 422; Ackerman v. Fisher, 57 Pa. 457; Chadwick v. Felt, 35 Pa. 305; Wright v. Nulton, 219 Pa. 253, and Nesbitt v. Tarbrake, 30 Pa. Superior Ct. 460. One in possession before and at the time of making a parol contract must make a formal surrender of possession and resume it under the contract to take it out of the statute of frauds: Aurand v. Wilt, 9 Pa. 54; Greenlee v. Greenlee, 22 Pa. 225; Hill v. Meyers, 43 Pa. 170.

A purchaser must not only have taken possession in pursuance of a contract to take it out of the statute of frauds, but he must also show that he has made improvements or expenditures of money and labor which cannot be compensated in damages: Moore v. Small, 19 Pa. 461; Dougan v. Blocher, 24 Pa. 28. In Miller v. Zufall, 113 Pa. 317, where one by oral agreement purchased timber lands, paid a small part of the purchase money, removed rocks and opened roads to facilitate his work of cutting timber, it was held that the improvements were not sufficient. In Moyer's Appeal, 105 Pa. 432, the purchaser under a parol agreement cleared land, made additions to the building, made an outside cellar, put a water system in the house and rebuilt fences. Witnesses called by him placed a value on the improvements. They did not amount to more than the benefits derived by the purchaser from his possession of the premises. It was held that these improvements and expenditures did not take the case out of the statute of frauds. In Hart v. Carroll, 85 Pa. 508, Judge Woodward said: "There must be proof of an expenditure for improvements not reimbursed by profits derived from the occupation of the land and not capable of compensation in damages recoverable in an action for the breach of the contract." See Caverly's Estate, 51 Pitts. L. J. 220; Brodowski v. Schall, 24 Montg. Co. Law Repr. 113; Piatt v. Seif, 207 Pa. 614.

The plaintiff in this case has not shown any expenditures for improvements for which he cannot be compensated in damages. He testified what the cost of the only improvements that were made was, thus fixing their value. He has had possession of the premises since the $25 was paid on account of the option. It does not appear what the land was worth during that time, so that there is no testimony showing that the cost of improvements was greater than the value of the land during the plaintiff's occupancy of it. The proof of the performance of the contract on the plaintiff's part, therefore, does not take the case out of the statute of frauds.

Nagel *v.* Hager.

We conclude from this: First, that there was no contract entered into between the plaintiff and the defendant whereby the defendant agreed to sell the plaintiff the lot of ground in question; and, second, that, even though the payment of $25 on an option which was not in writing could be construed as such a contract, there is no testimony that would take it out of the effect of the statute of frauds.

We, therefore, dismiss the plaintiff's bill, at his costs.

From George Ross Eshleman, Lancaster, Pa.